RODERIC L. BENT *vs.* INHABITANTS OF HUBBARDSTON.

Worcester. Oct. 2. — Nov. 1, 1884. C. ALLEN & COLBURN, JJ., absent.

A claim against the estate in insolvency of the collector of taxes of a town, for taxes collected and unaccounted for by him, is one entitled to priority in the order for a dividend, as a "debt due to" the town, under the Pub. Sts. *c.* 157, § 104, *cl.* 1.

If the language of a section of the Public Statutes is unambiguous, the court will not, in determining its meaning, consider the language of the statutes of which it is a revision.

BILL IN EQUITY, filed April 10, 1884, alleging that the plaintiff was duly chosen, appointed, and qualified as the assignee in insolvency of Elijah A. Warren; that the defendant town presented against said insolvent estate a claim for a debt due by Warren to the town, for taxes collected by him as collector of the town, and unaccounted for by him; that said claim was proved and allowed by the court of insolvency; that in the order for payment of a dividend on said estate, passed by said court on April 1, 1884, said debt was ordered to be paid as a preferred debt, under the Pub. Sts. *c.* 157, § 104, *cl.* 1. The prayer of the bill was that said debt might be decreed to be paid among claims not entitled to priority in payment; and for further relief. The answer admitted the allegations of the bill.

The case was heard by *Colburn*, J., on the bill and answer, and reserved for the consideration of the full court.

*R. Hoar*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

DEVENS, J. It is provided by the Pub. Sts. *c.* 157, § 104, that, in the order for a dividend on an insolvent estate, "the following claims shall be entitled to priority, and to be first paid in full in their order: First, All debts due to the United States, and all debts due to and taxes assessed by this State, or any county,

city, or town therein." We concur in the plaintiff's view, that the taxes collected by Warren, the insolvent, as town collector, ceased to be taxes *eo nomine*, and constituted a debt due by Warren to the town. " The word 'debts,' " says Mr. Justice Hubbard, in speaking of the insolvent law, " in the statute, is used in its broadest latitude." *Brown* v. *Lamb*, 6 Met. 203. *Gray* v. *Bennett*, 3 Met. 522. *Lothrop* v. *Reed*, 13 Allen, 294. The words " debts due to " and " taxes assessed by " being connected conjunctively in the statute, it would not seem possible to construe it in any other way than as providing that they are alike preferred debts. They cannot be limited to debts due for taxes assessed from those to whom they are assessed. The plaintiff urges that, when, by the St. of 1862, *c.* 183, § 11, counties, cities, and towns were first added to the list of preferred creditors, the reason was expressed to be " so that county, city, and town taxes shall be entitled to the same priority or preference as state taxes are now entitled to in cases of insolvent debtors ; " and that, although these words are omitted in the Public Statutes, we may properly recur to them in construing the present statute.

The provisions of the Public Statutes were certainly intended as a reënactment, without change in the law as it previously existed. *Drew* v. *Streeter*, 137 Mass. 460. It was the intention of the commissioners, as stated by them, to express in the text of the revision the existing laws according to their understanding of them, in such a manner that no existing rights should be changed. Report of Commissioners, 3. When there is substantial doubt as to the meaning of the language used in the Public Statutes, the statutes as they previously existed afford, therefore, a most valuable guide in their construction. But when language is clear, we cannot look to the earlier statutes to see if an error has been made by the Legislature in its understanding of them, as there is then no room for the office of construction. *Baker* v. *Atlas Bank*, 9 Met. 182, 197. *Holbrook* v. *Bliss*, 9 Allen, 69, 76. *Lewis* v. *United States*, 92 U. S. 618, 621. Even if the meaning it has affixed to the earlier statutes is different from that we should attribute to them, that which it has adopted, if clearly expressed by the Public Statutes, is controlling. If the language of the statute, as it now exists, were susceptible of two constructions, an argument drawn from the statute as it was

formerly expressed (should we adopt the meaning given to it by the plaintiff) would be conclusive. *United States* v. *Bowen*, 100 U. S. 508. But it is impossible for us to say that the explicit language used in the revision was not so used for the very purpose of removing any doubt which might have been caused by the expression in the St. of 1862, relied on by the plaintiff.

In this view, we do not deem it necessary to consider what is the proper construction of the statutes as they existed before the enactment of the Public Statutes. *Bill dismissed.*