M. P. DZIALYNSKI ET AL., APPELLANTS, VS. BANK OF JACK-SONVILLE, APPELLEE.

1. The fact that the appellee claims that the appeal has been taken merely for delay and asks for an assessment of damages for a frivolous appeal under the statute, (Sec. 14, p 842, McC.'s Digest) does not entitle him to have the case heard in motion hour upon a motion to affirm and for damages.   The case should be heard, upon the regular call of the docket, like any other case standing for a hearing on its merits, and the application for damages be submitted on such hearing and not by motion.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion.

*A. W. Cockrell & Son* for the motion.

*Sparkman & Sparkman, Wall & Turman, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The appellee moves for an affirmance of the decree appealed from on the ground that the appeal was taken merely for delay, and asks that he be allowed the damages authorized in cases of frivolous appeals.

The statute (sec. 14, p. 842, McC.'s Dig.) provides that whenever it shall appear to the Supreme Court that an appeal has been taken merely for delay, the said court may assess damages, not exceeding ten per cent., for said frivo-

M. P. Dzialynski et al. v. Bank of Jacksonville—Opinion of Court.

lous appeal. If the appeal has been taken merely for delay it is frivolous within the meaning of the statute, and we may inflict damages within the limit prescribed. Whether this appeal is frivolous, is, however, not the question before us *now*, as we arrested the argument upon this point until we should decide whether we would hear argument upon the point made in the motion, *in motion hour*, or defer it till the cause is called in its regular course upon the docket. We have no rule regulating the matter, nor any like paragraph to rule 6 of the Supreme Court of the United States which authorizes the uniting with a motion to dismiss an appeal a motion to affirm on the ground that although the record may show that this court has jurisdiction it is manifest that the appeal was taken for delay only, or that the question on which the jurisdiction depends is so frivolous as not to need further argument. Under this new paragraph, promulgated Nov. 4, 1878, (97 U. S. R., VII,) as an amendment to rule 6, it is held, however, by that court, that there must be a color of right to a dismissal before the rule can be invoked, and where a motion was made *to affirm*, and there was no color of right to a dismissal of the appeal, the case being clearly within the jurisdiction of the court, the motion to affirm was denied. Whitney vs. Cook, 99 U. S., 607. The consequence is that if we had such a rule as that thus construed, we could not under it hear this motion without disregarding the decision referred to, which seems to us to be a proper construction of the rule. No dismissal is asked for, such part of the motion having been abandoned, and the uniting of a motion to dismiss and one to affirm being naturally inadmissible in the absence of a special rule permitting it.

In Amory vs. Amory *et al.*, 91 U. S., 356, decided prior to the adoption of the above paragraph of rule 6, a motion was made to advance and dismiss the cause because the ap-

peal was taken for delay only, the rule and statute (Rule 23; sec. 1010, Rev. Stats.) allowing the imposition of damages where an appeal is taken merely for delay. After stating that a cause cannot be dismissed because the court may think it was brought up for delay only, it is said: " Neither can we *advance a cause* for argument for the reason that we may think it has no merits. Further argument may show the contrary." The motion was denied, the court declaring that the adjudication of damages under the rule and statute was the only remedy then had for the prevention of frivolous appeals, which doctrine is reaffirmed in Whiting vs. Cook, *supra*, as controlling in cases where sec. 5 of rule 6 does not apply.

We cannot decide that this appeal is taken for delay only, without a consideration of and decision upon its merits. Both parties have a right to be heard upon its merits prior to such decision. The record must be opened and fully and carefully considered as in the case of any other cause standing for hearing upon its merits. The consequence then is that this is practically a motion to advance the argument of the case upon its merits, into the motion hour, instead of its awaiting its regular call on the docket. Such a motion will, if we hear this as a precedent, advance any case in which it may be made, and whether the appeal prove to be frivolous or not the case will have been heard on its merits and motion, instead of on the regular call of the docket There is no necessity for any such practice. The claim for damages can be made as well on the regular hearing and in the briefs as by motion, and a discussion of the merits of a cause on an appeal taken in due form, with the record before us, does not, according to our practice, belong to the motion hour.

The motion is denied without prejudice to the right to

claim damages on the submission of the case on the regular call of the docket.