Vaught v. Green.

Right to appropriate payments.

The judgment of the Ouachita circuit court in chancery is in all things affirmed.

---

## VAUGHT V. GREEN.

*Opinion on motion to advance.*

PRACTICE IN SUPREME COURT: *Motion to advance cause.*

> To justify a motion to advance a cause upon the docket on the ground that the appeal is prosecuted for delay merely, the absence of error should be apparent upon a short and cursory examination of the record. Where the court cannot determine whether there is probable ground for the appeal without a minute investigation of the record requiring such time that it would operate to delay other causes having precedence on the docket, the motion will be denied.

COCKRILL, C. J.

To justify a motion to advance a çause upon the docket on the ground that the appeal is prosecuted for delay only, the absence of error should be apparent. upon a short and cursory investigation of the record. An illustration is found in the not infrequent case of an appeal from a judgment at law where no exception was saved at the trial and the jury has settled the facts on conflicting testimony. Other instances both at law and in equity might be given, but whatever

they may be, it was never intended that the rule should have so wide a scope as to force the court into the minute investigation of any cause an appellee may procure to be certified as a delay case. All difficulties are easy when known, and so counsel who have become familiar with the details of a tedious case, seeing the right of the judgment clearly, sometimes expect the courts to reach their conclusion as by intuition. But judges can arrive at the result only as counsel have done—that is, by the expenditure of time and labor. But the statute which establishes the practice of hastening the determination of appeals prosecuted merely for delay, does not intend to require that of the court at the expense of parties whose causes have precedence upon the docket. A delay case must not delay litigants in other cases. If it were permitted to do so, the statute which was designed to prevent the law's delay would aggravate rather than remedy the evil, because it would afford relief to one party at the expense of many others who are equally meritorious.

The appeal in this cause has been recently prosecuted. The appellee has caused it to be certified as a delay case and seeks to have it advanced for affirmance at an early day. He has filed a brief statement of the case as a compliance with Rule II., from which it appears that it was a contested cause in equity which turned upon a question of fact alone. But in order to ascertain whether there is probable cause to justify the appeal, it will be necessary to examine the pleadings, and to digest and weigh the testimony *pro* and *con* in a somewhat voluminous transcript. For the reason given above we decline to investigate the controversy until the cause is reached in its turn on the docket.

Motion denied.