GEORGIA V. HOLLAND AND JAMES J. HOLLAND, HER HUSBAND, APPELLANTS, VS. MARY E. WEBSTER BY HER NEXT FRIEND E. I. ROBINSON, APPELLEE.

GEORGIA V. HOLLAND AND JAMES J. HOLLAND, HER HUSBAND APPELLANTS, VS. WILBUR P. WEBSTER, APPELLEE.

1.  Under sections 1279 and 1462 Revised Statutes the Supreme Court is authorized and required to entertain and decide motions to quash proceedings in error or by appeal, based upon the ground that such proceedings are taken merely for delay, notwithstanding the case has not been reached for final hearing upon regular call of the docket. (MABRY, J., dissenting.)

2.  It is not the purpose of sections 1279 and 1462 Revised Statutes to require the court upon motions to quash, based upon the ground that the proceedings are taken merely for delay, to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash such proceedings where the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the

proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact, raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket. (Mabry, J., dissenting.)

3. Upon motions to quash proceedings in error or by appeal upon the ground that they are taken merely for delay, the party moving will not be heard either orally or by brief, for the reason that the assignments of error must on an examination of the record be so wholly devoid of merit as to require no argument on his part to show their untenableness. The party opposing the motion will, however, be heard orally or by brief in opposition to the motion, and if upon examination of the record and consideration of the argument or brief of the party opposing the motion the court finds that there is properly presented any question of law or fact as to the proper decision whereof the court entertains a doubt, the court will not enter into a minute examination of that question and the authorities bearing thereon, but will leave the cause to its proper place on the docket for hearing in its regular order.

4. Husband and wife joined in the execution of a mortgage in due form upon the wife's separate statutory real estate, and the wife thereupon executed a written acknowledgment attached to said mortgage wnereby she acknowledged that she made herself a party to and executed said mortgage for the purpose of conveying her separate estate and interest in and to the lands in said mortgage described and granted, and that she did the same freely and voluntarily, without compulsion, constraint, apprehension or fear from her said husband. The acknowledgement purports on its face to have been made and executed by the wife separate and apart from the husband and in the presence of a certain named officer authorized to take acknowledgements of married women. The officer also attached to said acknowledgement his certificate under seal to the effect that the wife, who he certifies was well known to him as the person who executed the mortgage and as the wife of the husband, personally appeared before him, and being at the time separate and apart from the husband, she did then and there make and execute the acknowledgement before mentioned and that her name was to said acknowledgement with her own hand subscribed and

her seal affixed in his presence. Pleas interposed by the wife to a bill filed to foreclose said mortgage, to the effect that the mortgage is void as to her because the certificate of the officer does not show that she executed the same freely and voluntarily and without fear or compulsion of her husband, as the statute in such cases required, were properly overruled, and it requires no argument to show the untenableness of an assignment of error based on such ruling.

5. The law is settled in this State that when a married woman has executed and acknowledged a mortgage upon her separate statutory real estate and appeared before an officer authorized to take her acknowledgement and the officer certifies a full compliance with the statute relating to her acknowledgment, his certificate, except fraud or duress be shown, must be held conclusive of the facts it aserts. In proceedings to foreclose such mortgage, exceptions to those portions of an answer filed by the married woman alleging that she was not separate and apart from her husband when she made her acknowlededgment, but not charging fraud or duress, are properly sustained, and it requires no argument to show the untenableness of an assignment of error based on such ruling.

6. In proceedings to foreclose a mortgage upon a married woman's separate statutory real estate where the mortgage and acknowledgments are made parts of the bill to foreclose, exceptions to those portions of the answer which present merely conclusions of the pleader as to alleged defects in the certificate of acknowledgement, which upon a bare inspection of the mortgage and acknowledgment the exception of which are not denied, appear to be erroneous, are properly sustained, and it requires no argument to show the untenableness of an assignment of error based on such ruling.

7. An amended answer which presents the identical matters contained in previous answers and pleas, which matters had been properly held in proceedings upon such previous answers and pleas to constitute no defence, and which matters so alleged in the amended answer present only conclusions of the pleader as to alleged defects in a certificate of acknowledgment of a mortgage made part of the bill of complaint, which conclusions upon a bare inspection of the certificate of acknowledgment the execution of which is not denied, appear to be erroneous, is properly stricken on motion, and it requires no argument to show the untenableness of an assignment of error based upon such ruling.

Appeals from the Circuit Court from Duval County.

Motions to quash appeals.

*T. A. & B. B. MacDonell,* for Appellants.

*E. P. Axtell,* for Appellee.

CARTER J.

In each of these causes, appellee moves to quash the appeal upon the ground that same is frivolous, without merit, taken against good faith and merely for the purpose of delay. There is nothing before the court tending to show that the appeals were taken against good faith, but it is insisted that they are frivolous and taken merely for delay.

The first question to be decided is whether the court will entertain motions to quash appeals upon the ground that they are taken merely for delay before the cause is reached for final hearing in its regular order upon the docket. In the case of Dzialynski v. Bank of Jacksonville, 23 Fla. 44, 1 South. Rep. 338, decided in 1887, it was held that the fact that the appellee claims that the appeal has been taken merely for delay and asks for an assessment of damages for a frivolous appeal under the statute, does not entitle him to have the case heard in motion hour upon a motion to affirm and for damages; that the case should be heard, upon the regular call of the docket, like any other case standing for a hearing on its merits, and the application for damages be submitted on such hearing, and not by motion. The statute referred to in that case was section 13 of the act of February 10, 1832,

which, as it appears as section 14 p. 842 McClellan's Digest, reads as follows: "Whenever it shall appear to the Supreme Court that an appeal has been taken merely for delay, the said court may assess damages, not exceeding ten per cent, for said frivolous appeal." At the time of the decision referred to there was also another statute in force, section 50 Chapter 1096, acts 1861, which, as it appears as section 6 p. 844 McClellan's Digest, reads as follows: "Courts of error shall have the power to quash the proceedings in error in all cases in which error does not lie or where they are taken against good faith." It will be observed that there is nothing in the language of either statute which authorized or required the court to entertain a motion to quash, or dismiss, proceedings by appeal or in error, upon the ground that the same were frivolous or taken merely for delay, or which authorized or required the court to entertain and decide motions to affirm upon that ground, before the cause was reached for final hearing in its regular order. We are satisfied that in the absence of a statute authorizing motions to quash or dismiss, upon that ground the court would not be required to entertain and decide such motions before the cause is reached for final hearing.

By section 1279 Revised Statutes of 1892 it is provided that "courts of error shall have power to quash proceedings in error in all cases in which error does not lie, or where they are taken against good faith, or merely for delay, and may decree in such case damages against the plaintiff in error not exceeding ten per cent.," and by section 1462 of the same Revised Statutes it is provided that "the provisions of law relating to writs of error governing the filing of transcripts of record and proceedings

thereon, and filing assignments of errors, the duty of the appellate court in examining the record and giving judgment, in causing execution of its decrees and in quashing writs of error, shall be applicable to appeals in chancery." According to the plain language of these provisions the court has power to quash proceedings in error or by appeal in cases where they are taken merely for delay. The word "quash," according to Bouvier's and Tomlin's Law Dictionaries, means to overthrow or annul, the Century and Webster's Dictionaries define its meaning at law to be, to abate, annul, overthrow, or make void. These provisions do not contemplate that proceedings in error or appeals taken against good faith, merely for delay, or in cases in which error or appeal does not lie, shall remain pending in this court to be disposed of only when reached for final hearing in regular order. This is evident from the use of the word "quash," and because it could not have been contemplated that in cases where appeal or error does not lie or where taken against good faith, the parties must await the regular call of a congested docket in order to have such proceedings disposed of. It is true that section 1279 Revised Statutes purports to be, and undoubtedly was, compiled from the sections of the act of 1832 and 1861 before referred to, that the act of 1832 had been construed as before stated in the case of Dzialynski v. Bank of Jacksonville and that the act (Chapter 3905, approved June 1, 1889,) providing for commissioners to revise, simplify arrange and consolidate the public statutes of the States, contained a proviso in section 1 to the effect that no changes should be made by them in the phraseology of any statute that had been the subject of judicial decision, by which the construction thereof as established by such

decision should or could be impaired or affected. But it is equally true that the commissioners were authorized to recommend the passage of such new acts or parts of acts as in their judgment might appear necessary or expedient either in lieu of or in addition to any of the acts so revised and consolidated, that they did in fact in some instances disregard the proviso of section 1 already referred to, that all or nearly all of the new acts or parts of acts recommended by them to be passed were embraced in the revision submitted to the legislature for its adoption; that the legislature did enact the revision as prepared by them into law, with certain exceptions not necessary to be noticed, and repealed all existing statutes of a general nature not embraced in the revision, and that this court has in several cases decided that new provisions inserted by the commissioners, and changes of phraseology necessitating a construction different from that formerly placed upon the statute by the court, were valid in the revision as enacted by the legislature. Mathis v. State, 31 Fla. 291, 12 South. Rep. 681; Everett v. State, 33 Fla. 661, 15 South. Rep. 543; Marshall v. State, 32 Fla. 462, 14 South. Rep. 92. The language of the sections of. the Revised Statutes quoted is plain, clear and unambiguous; the fact that proceedings in error or by appeal are taken merely for delay is distinctly and unequivocally made a ground for quashing the proceedings, and we are constrained to hold that this court must under those provisions entertain and decide motions to quash based upon the grounds stated in the statute, notwithstanding the case has not been reached for final hearing upon regular call of the docket. United States v. Bowen, 100 U. S. 508; Bate Refrigerating Co. v.

Sultzberger, 157 U. S. 1, 15 Sup. Ct. Rep. 508; Bent v. Inhabitants of Hubbardston, 138 Mass. 99; Pratt v. Street Commissioners of Boston, 139 Mass. 559, 2 N. E. Rep. 675. These are the first cases where the matter has been presented in the shape of a motion to quash, although the court has several times declined to entertain motions to dismiss upon the ground that the appeal or writ of error was taken merely for delay. As the provisions of the Revised Statutes referred to do not provide for motions to dismiss upon that ground, but only for motions to quash, the rulings declining to consider motions to dismiss on that ground will be adhered to.

It is claimed that the assignments of error in these cases are so frivolous as to demonstrate that the appeals were taken merely for delay. We are satisfied that it is not the purpose of the statute to require the court upon motions of this character to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash proceedings in error or by appeal where the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities, nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket. Dzialynski v. Bank of Jacksonville, 23 Fla. 346,

2 South. Rep. 696; Redmond v. Donaldson, 35 Fla. 167, 17 South. Rep. 70; Vaught v. Green, 51 Ark. 378, 11 S. W. Rep. 587. Upon motions of this character the party moving will not be heard either orally or by brief, for the reason that the assignments of error must on an examination of the record be so wholly devoid of merit as to require no argument on his part to show their untenableness. The party opposing the motion will, however, be heard orally or by brief in opposition to the motion, and if upon examination of the record and consideration of the argument or brief of the party opposing the motion, the court finds that there is properly presented any question of law or fact as to the proper decision whereof the court entertains a doubt, the court will not enter into a minute examination of that question and the authorities bearing thereon, but will leave the cause to its proper place on the docket for hearing in its regular order.

In determining whether the motions to quash should be granted it is proper that we state briefly so much of the facts in each case as will be necessary to an understnding of those assignments of error which have not been abandoned. In each case the bill was filed in the Circuit Court of Duval county, seeking foreclosure of a mortgage executed by Georgia V. Holland and James J. Holland, her husband, and in each case the mortgage was attached to and made part of the bill. The certificates of acknowledgment of these mortgages are in the following language: "Know all men by these presents that I, Georgia V. Holland, wife of the above named James J. Holland, do by these presents, made and executed by me separate and apart from my said husband, and in the

presence of W. B. Owen, a notary public of the State of Florida, acknowledge and declare that I did make myself a party to and executed the foregoing mortgage for the purpose of conveying my separate estate, dower, right of dower, title and interest in and to the lands therein described and granted, and that I did the same freely and voluntarily without any compulsion, constraint, apprehension or fear of or from my said husband. In witness whereof, I have hereunto subscribed my name and affixed my seal this 9th day of April, A. D., 1886. (Signed) Georgia V. Holland. (Seal.)

State of Florida,     )
County of Duval.     )     To all whom it may concern, be it known that on this 9th day of April, A. D. 1886, personally appeared before me, a notary public of the State of Florida, the above named Georgia V. Holland, to me well known as the person who executed the foregoing mortgage, and as the wife of the said James J. Holland, who being at the time separate and apart from her said husband, the said Georgia V. Holland did then and there make and execute the foregoing acknowledgment, her name being with her own hands subscribed and her seal affixed in my presence. Witness my hand and seal at Jacksonville, the day and year above written. W. B. Owen, Notary Public. (Seal.)"

"Know all men by these presents that I, Georgia V. Holland, wife of the above named James J. Holland, do by these presents, made and executed by me separate and apart from my said husband, and in the presence of Samuel W. Fox, a notary public of the State of Florida,

acknowledged and declared that I did make myself a party to and executed the foregoing mortgage for the purpose of conveying and mortgaging my separate estate and interest in and to the land therein described and granted, and that I did the same freely and voluntarily and without any compulsion, constraint, apprehension or fear of or from my said husband. In witness whereof I have hereunto subscribed my name and affixed my seal this 24th day of July, A. D. 1889.

(Signed)          Georgia V. Holland.     (Seal.)

State of Florida,         )
County of Duval,          )     To all whom it may concern, be it known that on this 24th day of July, A. D. 1889, personally appeared before me, a notary public of the State of Florida, the above named Georgia V. Holland, to me well known as the wife of James J. Holland, and as one of the persons described in and who executed the foregoing mortgage, who being at the time separate and apart from her husband, the said Georgia V. Holland did then and there make and execute the foregoing acknowledgment, her name being with her own hand subscribed and seal affixed in my presence. Witness my hand and seal at Jacksonville, the day and year above written.

Saml. W. Fox,
(Seal.)          Notary Public, Duval County, Fla."

In each case Georgia V. Holland interposed a plea, to the effect that at the time of the execution of the mortgage attached to the bill she was a married woman; that the property described in the mortgage was her separate statutory property; that the mortgage was void as to her

because the certificate of the officer who purported to have taken the acknowledgment did not show that she executed the same freely and voluntarily and without fear or compulsion of her said husband, as the statute in such cases required. These pleas were upon argument overruled, with leave to answer. Georgia V. Holland thereupon filed an answer in each case. In the case wherein the mortgage acknowledged before W. B. Owen was sought to be foreclosed the answer alleged that she was a married woman at the time of the execution of said mortgage; that the property described in said mortgage was her separate statutory property; that she denied that any right or interest of hers in said property was trans-.ferred, passed or mortgaged by said instrument, or that her legal or equitable rights were in any way affected thereby; that at the time and place she affixed her signature to said supposed deed and made her married woman's acknowledgment before W. B .Owen, notary public, she was not separate and apart from her husband, James J. Holland; that she and the notary public and Miss Ida Parry, a witness to said mortgage, were in the same room sitting around a small marble top table, and that at no time, not even for a moment, was she separate and apart from her husband with said notary public; that said acknowledgment was untrue, and that she denied that the mortgage was duly and legally acknowledged by her.

In the other case the answer of Georgia V. Holland alleged that at the time of the execution of the mortgage she was a married woman; that the property described in the bill was her separate statutory property; that the mortgage was void because the certificate of the officer who took the acknowledgment did not show that she

acknowledged that she executed same freely and with out fear or compulsion of her husband; that she denies that the mortgage was duly acknowledged by her as the statute in such cases required; that at no time did she acknowledge on a separate or private examination before the officer who purports to have taken the acknowledgment that she executed the mortgage freely and without fear or compulsion of her husband. Exceptions were filed to these answers and sustained, with leave to answer over. Georgia V. Holland thereupon filed her amended answer in each case alleging in substance that the mortgage in the bill set up was not effectual and did not transfer her separate estate and right in the mortgaged property, because the official certificate thereto does not set forth all the requirements demanded by the statute, to-wit: that at the time and place of the execution of said instrument she (Georgia V. Holland) was separate and apart from her husband and that she executed same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband.

Complainant in each case moved to strike the answer and for the entry of a decree *pro confesso* against said defendant upon the ground that the matters set up in the last amended answer had been passed upon and adjudicated by the court in the pleas and answer previously filed in the cause. This motion was granted and a decree *pro confesso* entered against said defendant for want of answer. Subsequently a decree of foreclosure was entered in each case from which these appeals were taken.

The assignments of error insisted upon in this court in each case are substantially as follows: 1. The court erred in overruling the plea of Georgia V. Holland.

2. The court erred in sustaining exceptions to the answer of Georgia V. Holland.

3. The court erred in striking the amended answer of Georgia V. Holland and entering decree *pro confesso* against her.

The court is of opinion that under the sections of the Revised Statutes previously quoted as we have construed them, these appeals should be quashed. The mortgages were attached to and made parts of the bills. The certificates of the officers following the written acknowledgments executed by Georgia V. Holland show that she made and ·executed such acknowledgments in the presence of officers and separate and apart from her husband. The written acknowledgments so made and executed in the presence of the officers show on their face that the mortgages were acknowledged to have been executed freely and voluntarily and without compulsion, constraint, apprehension or fear from the husband. The statutes regulating acknowledgments of deeds of married women conveying their statutory property was fully complied with in these cases in so far as the objections raised by the pleas are concerned, and there is no semblance of error in the rulings on the pleas. Those portions of the answers denying that Georgia V. Holland made her acknowledgment before the officers separate and apart from her husband as certified by the officers presented no defence. The answers do not deny that she made and executed the acknowledgments purporting to be signed by her attached to the mortgages. The officers certify that these acknowledgments were made and executed by her separate and apart from the husband. It is settled in this State that when a married woman has

appeared before a magistrate, having signed a deed and acknowledged it, and he certifies a full compliance with the statute, his certificate, except fraud or duress be shown, must be held conclusive of the facts it asserts. Shear v. Robinson, 18 Fla. 379; Hart v. Sanderson's Administrators, 18 Fla. 103. The answer did not allege that no acknowledgment whatever was in fact made, or any fraud or duress, but simply that she did not make the acknowledgments on an examination separate and apart from her husband.

The other features of the answers presented merely conclusions of the pleader which upon a bare inspection of the mortgages and acknowledgments thereof attached to and made parts of the bills, the execution of which was not attempted to be denied, would appear to be erroneous. We think there is no semblance of error in the rulings on exceptions to the answers.

The amended answers presented no new matters of defence. The identical matters presented by them had been presented by the pleas and original answers, and the court had correctly ruled that they presented no defence. In addition to this, the matter pleaded in this amended answer was a mere conclusion of the pleader, which upon a bare inspection of the mortgages and acknowledgments thereof attached to and made parts of the bills, the execution of which was not attempted to be denied, would appear to be erroneous. The court was clearly justified in striking out these answers, and as no application to amend was made, it was proper to enter the decree *pro confesso*.

The motion to quash the appeal in each case will be granted.

MABRY, J. Disesnting.

I do not agree to the view entertained by the majority of the court that on motions to quash proceedings in error regularly brought to this court, as provided by statute, on the ground that they are taken merely for delay we should examine the merits of cases as disclosed by the record before they are regularly reached for final hearing. The act of 1832, approved the 10th of February of that year, provided for the taking of appeals and suing out writs of error to the appellate court and for filing the transcripts of records and assignments of errors therein. It also prescribed the conditions upon which such appeals or writs of error should operate as supersedeases. The thirteenth section of the act provided that when it shall appear to the court of appeals that an appeal has been taken merely for delay the court may assess damages not exceding ten per cent. for such frivolous appeal. Subsequently, in 1861, the legislature, by Chapter 1096, amended the pleading and practice in the courts of this State and therein incorporated in substance many of the provisions of the common law procedure act of England, passed in 1852. The fiftieth section of our act of 1861 embodied in part the exact language of a provision of the English procedure act, to the effect that courts of error shall have the power to quash the proceedings in error in all cases in which error does not lie, or where they are taken against good faith. It is not claimed that under this last provision it was proper for this court on a motion made under it to take up a case out of its regular order and look into its merits by an examination of the transcript of the record regularly filed here. The authorities cited by Markham and Day,

on the provision of the English act, show that no such proceeding was had under it. Markham, page ,79, sec. 156; Day, p. 172.

The provision in the act of 1832 was construed by this court in 1887, while both acts were in force, and it was held that the provision passed in 1832· did not entitle a party to have a case heard in motion hour upon motion to affirm and for damages, and that the case should be heard upon the regular call of the docket like any other case standing for hearing on its merits, and the application for damages be submitted on such hearing and not by motion. Dzialynski v. Bank of Jacksonville, 23 Fla. 44, 1 South. Rep. 338.

It is now supposed that under the revision of the statutes, found in section 1279 Revised Statutes, a different construction should obtain. This section is as follows: "Power to quash writs of error. Courts of error shall have power to quash proceedings in error in all cases in which error does not lie, or where they are taken against good faith, or merely for delay, and may decree in such cases damages against the plaintiff in error not exceeding ten per cent." In the same revision writs of error and appeals are made matters of right, and provisions are made for their prosecution to this court, and for the filing of transcripts of record and assignments of errors. Parties obtaining judgments or decrees are protected by requirements that writs of error or appeals from them shall not have the effect to stay their enforcement unless superseded by bonds to be executed as specifically provided. Secs. 1270, 1272, 1275, 1276, Revised Statutes.

It is further provided by section 1277 that "it shall

be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or give such judgment, sentence or decree as the court below ought to have given, as to it may appear according to law." This court is also given power to prescribe rules for the submision of causes on appeal or writ of error, and rules for this pupose have been made.

It is the purpose and policy of the provisions referred to, I think, that cases regularly brought to this court in the manner thereby provided shall be heard and passed upon as to their merits in due and regular course of adjudication of causes submitted for decision, and this purpose and policy should be kept in mind in construing other provisions bearing upon a summary disposition of cases. When the appellate proceeding is irregular, or it can be safely affirmed that error does not lie, or when taken against good faith within the meaning of the law on that subject, the policy of our statutes as to a regular hearing on the merits in due course of procedure is not contravened by a quashal or summary disposition, but it is otherwise when we undertake to deal by summary motion with cases as to their merits. I have not been able to bring myself to believe that the legislature ever contemplated that on a motion to quash an appellate proceeding on the ground alone that it was taken for delay, as evidenced by a want of merit disclosed by the record, this court should take the case up out of its order and examine it, and I do not see that such construction is forced upon us by the compilation of section 1279 of the Revised Statutes. In construing this revision we have a guide furnished in the act under which it was au-

thorized. It provides that the commissioners shall "revise, simplify, arrange and consolidate all the public statutes of England, of the Territory and of the State of Florida, which are general and permanent in their nature, and which shall be in force in this State at the time such commisioners shall make their final report, and that in the performance of such duty they shall carefully collect and reduce into one act the different acts and parts of acts which, from similarity of subject, ought, in their judgment, to be consolidated arranging and distributing the same under such titles, chapters and sections, or other suitable divisions and subdivisions as they shall deem proper, with head notes briefly expressive of the matter contained in such divisions or subdivisions, and also with side notes, so drawn as to indicate the contents of the text, and with references to the original text from which each section shall have been compiled, and to the published decisions of the courts of this State, expounding or construing the same, and in every other respect they shall complete the said revision in such a manner as to them shall seem most useful and proper, to render the said acts more plain, concise and easy to be understood; provided, that no changes shall be made in the phraseology of any statute that has been the subject of judicial decision by which the construction thereof, as established by such decision, shall or can be impaired or affected." It is also further provided in so submitting a report of their work to the legislature they should suggest such contadictions, omissions and imperfections as may appear in the original text of the acts, and the mode in which they shall have reconciled, supplied and amended the same; and they were authorized to designate such

acts or parts of acts as, in their judgment, ought to be re-
pealed, and to recommend the passage of such new acts or
parts of acts as, in their judgment, may appear necessary,
either in lieu of or in addition to any of the acts so revised
and consolidated. Chapter 3905 laws of 1889. There is no
doubt that section 1279 of the Revised Statutes is a con-
solidation of the parts of the acts of 1832 and 1861 re-
ferred to, as shown by the marginal notes in printed
statutes, and the case of Dziaynski v. Bank is cited as
bearing upon the construction of the act. It is true that
the commisisoners reported in some instances new mat-
ter which they incorporated into the revision submitted,
and in such cases the new matter has been declared by
this court to be law equally with the former law revised,
not because the commissioners reported it, but because
it has been constitutionally enacted by the legislature as
law; but where no new matter has been included in the
revision and the old law has not been consolidated in
such way as to make it impracticable to carry out the
legislative mandate that no change shall be made in the
phraseology of any statute that has been the subject of
judicial decision by which the construction thereof, as
established by such decision shall or can be impaired or
affected, the court should, in furtherance of the mani-
fest and leading purpose of the revision, adhere to the es-
tablished judicial construction placed upon the former
statutes. This revision, it should be kept in mind, was
not an enactment of a new body of statutory law, but in
the main a consolidation, simplification, and orderly ar-
rangement of existing statutes. It has repeatedly been
held by this court, since the revision, that the merits
of a cause as disclosed by the transcript would not be ex-

amined into by motion to dismiss on the ground that the appeal or writ of error was taken merely for delay, and this view is still to be adhered to, it seems.  The majority of the court now decide that when the motion in terms is to quash proceedings in error on the ground that they are taken merely for delay, an examination must be made of the merits contained in the transcript, though it is clear, I think, that the original provision to quash procceedings in error, from which the revision is made, never contemplated a hearing on the merits.  It was originally, and still is in its present form, aimed, in my judgment, at an unauthorized resort to and an abusive use of appellate procedure, and was not designed to take the place, of a regular hearing and determination of a cause brought up and presented as provided by statute and the rules of the court.  Where error does not lie, a resort to the appellate court is, of course, out of place. Where it is made to appear by collateral proof that a party in using the forms of appellate procedure is doing so against good faith they may be overthrown, and where it likewise appears that an appeal has been taken merely for delay it may be quashed.  If we go into the merits shown by the transcript on motion to quash on the ground that the appeal was taken merely for delay, why not make the same examination when the appeal is alleged to have been taken against good faith?  The appellate procedure devised by our statutes contemplated that causes would be heard and determined without any other delay than that incident to a due and regular presentation of them, and, of course, a congested condition of the docket can not change the meaning of statutes.

The limited scope given to the motion to quash does

not, in my judgment, remove the objections to such a remedy of reaching the merits of a cause. The appellee or defendant in error may at his pleasure move to quash on the ground that the apppeal or writ of error is taken merely for delay, though he may not be heard in argument on the motion, and the court must stop and go into the merits out of regular order to determine the motion. This in my judgment was not contemplated. The court will make only a cursory examination of movant's case to see if no question requiring examination is presented. A cursory examination of the merits of a case is not consistent, I think, with the policy of our law, and mistakes may unintentionally be made in such examination, though it may be said that, under the rule formulated, the liability to err is against the movant. I do not believe that we are authorized under our statute to establish such a rule. As I do not favor the construction now placed upon the statute or the mode of procedure under it, I have deemed it proper to indicate to this extent my views on the subject.