ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* CARROLL.

Opinion delivered December 24, 1904.

1. APPEAL AND ERROR—ADVANCEMENT OF DELAY CASES.—To justify a motion to advance a cause on the docket on the ground that the appeal is prosecuted for delay only, the absence of error should be apparent upon a short and cursory investigation of the record. *Vaught* v. *Green,* 51 Ark. 378, followed. (Page 414.)

2. RAILWAYS—DUTY TO KEEP LOOKOUT AT CROSSINGS.—It was not error to instruct that "railway companies are charged with a high degree of care for the protection and safety of travelers upon highways at and in proximity to public crossings in cities, and it is their positive duty to keep a lookout for such travelers, and to use every reasonable precaution consistent with the proper operation and management of their trains to avoid injuring them." (Page 415.)

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

Carroll sued the railway company for damages to himself and to his team and wagon, received at a crossing of defendant's railroad and a public street in the city of Texarkana. He alleged and proved that the injuries were received by reason of defendant's employees sending a flying box car over this crossing with no one in charge of it just at a time when plaintiff was invited by another employee of defendant to cross with his wagon. This statement will suffice to explain the following instruction given at plaintiff's request, viz:

"1. The jury are instructed that railway companies are charged with a high degree of care for the protection and safety of travelers upon highways at and in proximity to public crossings in cities, and it is their positive duty to keep a lookout for such travelers, and to use every reasonable precaution consistent with the proper operation and management of their trains to avoid injuring them; and if you find from the evidence that the

employees in charge of said engine and cars failed to exercise such care, then you are instructed that such failure to keep such lookout was negligence; and if the plaintiff was injured by reason of such negligence, and without fault on his part, or of the man in charge of his wagon, then your verdict should be for the plaintiff."

*B. S. Johnson,* for appellant.

Appellee was guilty of such contributory negligence as should bar his recovery. 21 Fla. 700; 85 Ia. 678; 149 Mass. 127; 61 L. R. A. 609-10; 23 Am. & Eng. R. Cas. 317; 49 N. W. 334; 15 So. 127; 61 Fed. 591; 8 Ohio Cir. Ct. 41; 160 Pa. St. 117; 24 S. W. 1090; 73 Hun, 32; 13 So. 944; 97 Mich. 240; 56 N. W. 430; 57 N. W. 661; 29 Atl. 678; 58 N. W. 314; 96 Mich. 327; 54 Ark. 434; 54 Ark. 159; 56 Ark. 459; 33 S. W. 1070; 48 Ark. 106; 73 Pa. St. 509. The court erred in giving the first instruction asked by appellee. 95 U. S. 161; 8 Fed. 731; 26 Fed. 223; 96 Mo. 200; 153 Pa. St. 417; 65 Mich. 186; 8 Fed. 729; 95 U. S. 161; 106 U. S. 606; 79 *Id.* 135; 37 Ia. 432; 79 Ky. 442; 47 Md. 76; 8 Gray, 45; 107 Mass. 497; 33 N. J. Law, 147; 42 N. Y. 468; 45 Oh. St. 11; 36 S. W. 1003; 11 Tex. Civ. App. 386; 7 Ga. 261; 58 N. Y. 451; 8 C. C. A. 322; 20 C. C. A. 184; 50 Fed. 172.

*Byrne & Lewis,* for appellee.

There was no error in the instructions given. 69 Ark. 130. The evidence clearly shows negligence.

HILL, C. J. This case is submitted on a motion to advance and affirm as a delay case. The appellant presents two questions which its counsel earnestly insist are errors. The first is that the verdict is contrary to the facts, and the second is that the first instruction given at the instance of appellee was erroneous. Chief Justice Cockrill thus defined the rule in these cases: "To justify a motion to advance a cause upon the docket on the ground that the appeal is prosecuted for delay only, the absence of error should be apparent upon a short and cursory investigation of the record." *Vaught* v. *Green,* 51 Ark. 378.

A reading of the record shows that if two witnesses testifying for appellee told the truth, and the jury has believed them,

the verdict is clearly right.   It is true that they are contradicted by others, principally employees of appellant; but the jury, and not this court, determines such conflicts.

The instruction complained of is alleged to be contrary to many decisions from many courts which are cited; but no reference is made to the recent and well considered case of *Inabinett* v. *St. Louis, I. M. & So. Ry. Co.,* 69 Ark. 130, and no reason assigned why it should be overruled.   The instruction complained of is in the exact language of that case.

Therefore this case satisfies the rule in *Vaught* v. *Green.*   In the application of this rule, however, it may be well to again call attention to the easy abuse of this remedy pointed out by Judge Cockrill:   "But the statute which establishes the practice of hastening the determination of appeals prosecuted merely for delay does not intend to require that [the expenditure of time and labor] of the court at the expense of parties whose causes have precedence on the docket.   A delay case must not delay litigants in other cases."   *Vaught* v. *Green, supra.*

The judgment is affirmed with the penalty of 10 per cent., as provided in section 1062, Sandels & Hill's Digest.

WOOD, J., and RIDDICK, J., dissent as to infliction of the penalty.