H. H. GODWIN, ADA GODWIN and J. E. BLACKBURN, *Appellants,* v. FT. MEADE BUILDING, LOAN AND SAVINGS ASSOCIATION, a Corporation, *Appellee.*

Division B.

Opinion filed June 28, 1929.

*W. W. Whitehurst,* for Appellant;

*Patterson & Wilson,* for Appellee.

BUFORD, J.—In this case the Appellee filed bill to foreclose a mortgage. Service was had on the Appellants, who

were defendants in the court below and a decree *pro confesso* was in due course entered against them.

The cause was referred to a master duly appointed. The Master made his report and final decree was entered.

The property involved was sold and the sale was confirmed. There was a petition for writ of assistance and the writ issued. An order was made on the 3rd day of January, 1928, and filed on the 16th day of January, 1928, staying the writ of assistance. On the 10th day of January, 1928, the cause coming on to be heard upon petition and supplemental petition for an order staying the writ of assistance, an order was made denying petition and supplemental petition and vacating and setting aside the aforementioned order made by the court on the 3rd day of January and filed on the 16th day of January, 1928.

On the 7th day of February notice of appeal was filed, which appeal was from the order of the 10th day of January, 1928, overruling and denying both the original petition and motion and the supplemental petition or motion to stay the writ of assistance and vacating and setting aside the former order staying the writ of assistance.

The appeal brings to this Court for review only that order made on the 10th day of January, 1928. This order does not involve any matter which is the proper subject of review by the appellate court. It involves only the execution of the process of the circuit court, which process issues as a matter of right when required subsequent to a lawful sale under a valid decree of a foreclosure.

Section 4639, Comp. Gen. Laws of Fla., 1927, provides as follows:

"Courts of error shall have power to quash proceedings in error in all cases in which error does not lie, or where they are taken against good faith or merely for

delay, and may decree in such case damages against the plaintiff in error not exceeding ten per cent."

The provisions of this section, it will be observed, apply to writs of error.

Section 4965, Comp. Gen. Laws, 1927, provides as follows:

"The provisions of law relating to writs of error governing the filing of transcripts of records, and proceedings thereon, and filing assignments of errors, the duty of appellate court in examining the record and giving judgment, in causing execution of its decrees and in quashing writs of error, shall be applicable to appeals in chancery."

Quashing a writ of error has the same effect in connection with a law action which the dismissal of an appeal will have in connection with a chancery suit. See Holland v. Webster, 43 Fla. 85, 29 So. R. 625.

For the reasons stated the appeal should be dismissed and it is so ordered.

Dismissed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.