CITY OF LONOKE *v.* Emmett RICHEY, Phillip BARBER, Clara Mae CUNNING, Cuba V. GORDON, John MUNNERLYN, Edith HIGHFILL, Myrtle FAWCETT, Mr. and Mrs. J. D. ELLIOTT, Mr. and Mrs. Henry HILL, Odean BURRIS, Marvin MOORE, Nettie MUNNERLYN, Gladys CULLOM, Jessie GOLLEHER, Ola M. ASHCRAFT, Gamella DANIELS, Richard HORTON, Odell EVANS, Bessie LEMMONS, Willie MILLER, James CURRY, Corrine PERRY, Elnora CARROLL, Frank BUNTON, Oneda PHILLIPS, Argean HICKS, Betty UZZELL, Walter HOLLOWAY, Woodrow KING, Lula Bell KING, Claudine TURPIN, Joan LARRY, Dan STEWART, Charles WALLS, Jr., and all Other Taxpayers of the City of Lonoke, Lonoke County, Arkansas Who are Similarly Situated

82-251                                   641 S.W.2d 701

Supreme Court of Arkansas
Opinion delivered November 8, 1982
[Rehearing denied December 6, 1982.]

*Faber D. Jenkins,* for appellant.

*Henry A. Allen* of *Hardin, Grace, Downing, Napper, Allen & East,* for intervenors.

PER CURIAM. We advance and affirm this case because the appeal is taken solely for the purpose of delay. The Court of Appeals has certified the case to this Court pursuant to Rule 29 (1) (c).

Pursuant to ARCP Rule 24 (a) (2) the taxpayers are allowed to intervene in this cause to protect their interests.

In 1965 the City of Lonoke issued Amendment 49 General Obligation Industrial Development Bonds in the amount of $130,000.00. The levying ordinance provided that the purpose for the issuance of the bonds was to assist in the location of an industry in Lonoke. A levy of five mills per dollar on the assessed valuation of all taxable real and personal property in the City was made and collection of the levied tax was commenced.

By November, 1980, the bonded indebtedness had been retired and the City, by this tax, had collected a surplus of $70,869.51.

A taxpayers' suit was heard by the Chancery Court of

Lonoke County and on January 6, 1981, a decree was entered which ordered: "The City of Lonoke should, with the least possible delay, refund the taxpayers their proportionate share, less the expense of distributing same, all of the taxes collected in excess of the funds necessary to retire the bonds, which sum is $70,869.51."

No motion for a new trial was filed within ten days after the entry of the judgment. Rule 4, Rules of Appellate Procedure.

No motion for modification or vacation was filed within 90 days after the entry of the jdugment. ARCP Rule 60 (b).

On December 30, 1981, almost a full year after the judgment was entered, the City filed a motion for rehearing. ARCP Rule 60 (c) provides eight grounds for the setting aside of a judgment after the expiration of 90 days after the filing of the judgment. None of those grounds was pleaded.

On June 7, 1982, the trial court entered its order denying the motion for rehearing and on June 24, 1982, the City filed its notice of this appeal. The notice of appeal designates the entire record of proceeding for review.

A motion to advance and affirm can be granted on the ground that the appeal is prosecuted solely for the purpose of delay and when the absence of error is apparent from a short and cursory examination of the record. Ark. Stat. Ann. § 27-2141 (Repl. 1979); *Vaught* v. *Green*, 51 Ark. 378, 11 S.W. 587 (1888). Here the untimeliness of the appeal is obvious from a cursory examination of the record. It is taken merely for the purpose of delay. The excess tax collections should be immediately refunded to the taxpayers. Therefore, this case is ordered advanced and affirmed on its merits. Costs are assessed against appellant.