THOMAS JOHNSON AS ADMINISTRATOR OF THE ESTATE OF GEORGE JOHNSON, DECEASED, APPELLANT, VS. REUBEN TURNER AND HETTIE TURNER, ADULTS, AND ELLEN JOHNSON, VINNETTA JOHNSON, EDWARD JOHNSON, WILLIE JOHNSON AND GEORGE JOHNSON, BY THEIR NEXT FRIEND REUBEN TURNER, APPELLEES.

APPELLATE PRACTICE—SUPERSEDEAS IN CHANCERY APPEALS—CHAPTER 4917, LAWS OF 1901, CONSTRUED—SUPERSEDEAS OF INJUNCTIONAL DECREES REQUIRES SPECIAL ORDER—VACATING SUPERSEDEAS.

1. The first part of sub-division 1 of section 1 of Chapter 4917 laws, approved May 27th, 1901, taken in connection with section 1272, Revised Statutes, makes provision for a statutory supersedeas of final decrees, without any order from any judge or court in cases where the appeal is entered and the requisite bond given within thirty days from the rendition of such decree, but if such appeal is taken after the expiration of thirty days from the rendition of

such final decree, it can become a supersedeas thereof only upon the order of the Supreme Court, or one of the justices thereof. The latter part of the first sub-division of section 1 of said act operates as a proviso to the first part of such sub-division, and its meaning and purpose is to restrict and limit the operative effectiveness of supersedeases, whether obtained by force of the statute itself in cases where the appeal is taken and bond given within thirty days from the rendition of the decree, or by a general order of the Supreme Court or a justice thereof, so that such supersedeases should not have the effect of suspending or modifying, not the entire decree appealed from and every phase and provision thereof, but those features and provisions thereof only that may grant or dissolve an injunction, unless the Supreme Court or a justice thereof shall by a special order cause it (the supersedeas) to have the effect of suspending or modifying such injunctional feature of the decree appealed from. The proper construction of said first sub-division of section 1 of said act is ,that where a final decree appealed from contains provisions other than those granting or dissolving an injunction besides the latter provisions, and a supersedeas of such decree is obtained, either by force of the statute by the perfection of an appeal therefrom within thirty days from its rendition, or after that time by a general order of the Supreme Court or a justice thereof, that such supersedeas is of full force and effectiveness as to all the provisions of such decree, except those provisions thereof that grant or dissolve an injunction. The latter provisions thereof, when existent, can be suspended or modified only by a special order of the Supreme Court or a justice thereof expressly suspending or modifying them.

2. The Circuit Judges, under the provisions of Chapter 4917 laws, approved May 27th, 1901, have no authority, on an appeal from a final decree, to grant a supersedeas thereof.

3. In cases where there is a statutory supersedeas obtained by virtue of the perfection of an appeal within thirty days

from the rendition of the decree appealed from, the appellate court has no authority to vacate it upon the ground that the appeal is frivolous.

Appeal from the Circuit Court for Alachua County.

Motion to vacate supersedeas denied.

*J. M. Rivers*, for motion.

*Evans Haile*, contra.

TAYLOR, C. J.

Motion is made to set aside and vacate an order of supersedeas claimed to have been made in this cause on the sixteenth day of October, 1901, by the Circuit Judge, upon the following grounds: 1st. Because the said supersedeas order granted by the said judge of the Circuit Court is illegal and void. 2nd. Because the decree herein superseded by the said order is a decree for injunction as well as for other purposes, and the said judge of the Circuit Court had no authority nor jurisdiction to make the said order for supersedeas. 3rd. Because the appeal herein is frivolous and no supersedeas should be granted. 4th. Because the appeal in this case is from a decree which does not affect the appellant's interest.

The bill in this case alleged that the complainants as the widow and heirs at law of George Johnson, deceased, were entitled to certain described real and personal property as the homestead and exemption to which the said George Johnson, as the head of a family residing in this State was the owner, and entitled to under the Constitution at the time of his decease; that the appellant,

Thomas Johnson, had taken out letters of administration upon said estate without any necessity therefor, there being no debts, and was attempting to forcibly take possession of the said exempt property and will sell and threatens to sell every part and parcel thereof, and refused to set aside the homestead to complainants or to allow the complainant, Hettie Turner, as the widow of the said George Johnson, her dower therein, and unless restrained would sell and encumber the said property so that the said complainants will lose their right thereto. The bill prays for temporary injunction restraining the said Thomas Johnson, as such administrator, from selling or in anywise disturbing complainants or any of them in the possession of said property, and that upon a hearing the said injunction be made perpetual. Besides the prayer for subpoena, there was a prayer for general relief. There was an amendment to the bill alleging that the defendant had taken possession of all the property of the said estate except about $90, and now withholds from them various items thereof, and that though they have made repeated demands upon him to set apart her dower their homestead exemption he has wholly ignored them, and positively refuses so to do, and threatens to sell all of said property, and that the complainant, Hettie Turner, as the widow of the deceased George Johnson, has made repeated demands upon him to set apart her dower in said estate, but all of which he refuses to do. The amended bill prayed that the defendant be required forthwith to set aside to the complainants $1,000 worth of personal property of said estate, and that he be forthwith required to deliver to them all the property to be so set aside; and that the complainant widow may have assigned to her her dower in the said property. On February

22nd, 1901, a conditional order for a temporary injunction was granted as prayed for in the bill.

After the overruling of a demurrer and plea to the bill, decree *pro confesso* was entered, and a final decree was rendered therein on the twenty-seventh day of September 1901, adjudging that all of the personal property of which the said George Johnson died seized and possessed be set aside to the complainants as their homestead in said estate, and that the temporary injunction theretofore granted be made perpetual, and that the defendant be required forthwith to deliver to the complainants all of said property of which he and his agents and attorney are possessed, and that if he shall fail to deliver up the same within ten days from the date of said decree, that a writ of possession shall issue in favor of the complainants against the defendant and his agents and attorney, and directing the clerk of the court to issue the same on praecipe therefor.

Petition for rehearing was made and denied on the fourteenth day of October, 1901, and in the order denying such rehearing the judge ordered the clerk forthwith to issue a writ of possession as directed in the final decree.

On the sixteenth day of October, 1901, the defendant entered his appeal from said final decree rendered on the twenty-seventh of September, 1901, and from the order denying the rehearing and ordering the clerk to issue writ of possession made on the fourteenth day of October, 1901.

On the sixteenth day of October, 1901, the Circuit Judge made the following order in response to a motion made by the defendant for an order fixing the amount, terms and conditions of bond to be given by him, in order

that said appeal may operate as a supersedeas: "This cause came on to be heard upon the above motion and the entry of appeal filed in the cause, and the court being advised in the premises, it is ordered that upon the giving and filing of a good and sufficient bond to the complainants in the office of the clerk of this court, with at least two good and sufficient sureties in the sum of five hundred dollars, conditioned to pay to the complainants all costs and damages which they may sustain or be put to by reason of the prosecution of said appeal, should the same be dismissed by the appellate court or the decree appealed from thereby be affirmed, the said bond to be approved by the clerk of this court, then the appeal entered herein 16th Oct. 1901, shall be and operate as a supersedeas."

On the seventeenth of October, 1901, the bond as required by this order was filed and approved.

On the twenty-seventh day of May, 1901, the following act, Chapter 4917, was approved, and was in force at the time of the appeal in this case: "An Act to Amend Section 1458, of the Revised Statutes of the State of Florida, Relating to Appeal as a supersedeas.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. That Section 1458, of the Revised Stattes of the State of Florida, relating to appeal as a supersedeas, be, and the same is, hereby amended so as to read as follows:

Sec. 1458. Appeal as a supersedeas. 1. *Supersedeas on Appeal from final decrees.* No appeal from a final decree shall operate as a supersedeas unless said appeal be taken within the time fixed by law for taking a writ of error operating as of course as a supersedeas or if not taken within that time, unless one of the justices of the

Supreme Court shall by order, direct the said appeal to operate as a supersedeas. In any event bond and security shall be given as provided for in cases of writs of error. No supersedeas on an appeal from any such decree granting or dissolving an injunction shall have the effect to suspend or modify the decree appealed from unless the Supreme Court, or a justice thereof, shall make an order for the suspension or modification of the decree upon like terms and conditions as to bond and security.

2. *Supersedeas on Appeal from Interlocutory Orders, Etc.* No appeal from any interlocutory decision, judgment or decree of a Circuit Court, sitting as a court of equity, shall operate as a supersedeas unless the judge of the Circuit Court or a justice of the Supreme Court shall on an inspection of the record, order and direct a stay of proceedings. No appeal so allowed shall operate as a supersedeas except on the conditions prescribed by law in cases of appeal from final decrees. No supersedeas on an appeal from any such decision, judgment or decree granting or dissolving an injunction shall have the effect to suspend or modify the decision, judgment or decree appealed from unless the Supreme Court or a justice thereof shall make an order for the suspension or modification of the order appealed from during the pendency of the appeal on like terms as to bond and security."

It is contended on behalf of the mover on the motion now under consideration that because the final decree appealed from provides for a perpetual *injunction*, there can be under the above quoted act no supersedeas of such decree, or of any phase or provision thereof, unless the Supreme Court or a justice thereof shall make an order for the suspension or modification of such decree, and in no event has the judge of the Circuit Court any authority

to grant an order superseding a *final* decree on an appeal from such decree. · The first subdivision of the act under discussion is awkwardly worded, and if given a literal construction, would appear to sustain the contention made, but we do not think that the Legislature intended that it should have the effect contended for. The first part of the first subdivision in connection with Section 1272, Revised Statutes, makes provision for a statutory supersedeas of a final decree, without any order from any judge or court, in cases where the appeal therefrom is entered and the requisite bond given within thirty days from the etnry of such decree, but if such appeal is taken after the expiration of thirty days from the rendition of such final decree, it can become a *supersedeas* of such decree only upon the order of the Supreme Court or of one of the justices thereof. The latter part of the first subdivision of said act operates as a proviso to the first part of such subdivision, and its meaning and purpose is to restrict and limit the operative effectiveness of *supersedeases*, whether obtained by force of the statute itself in cases where the appeal is taken and bond given within thirty days from the rendition of the decree, or by general order of the Supreme Court or a justice thereof, so that such *supersedeases* should not have the effect of suspending or modifying, not the entire decree and every phase and provision thereof, but those features and provisions thereof only that might *grant or dissolve an injunction*, unless the Supreme Court or a justice thereof shall by a *special order* cause it (the supersedeas) to have the effect of suspending or modifying such *injunctional feature* of the decree appealed from. Our construction of the act is, that where a final decree appealed from contains provisions other than those *granting or dissolving an injunction*

besides the latter provisions, and a supersedeas of such decree is obtained, either by force of the statute by the perfection of an appeal therefrom within thirty days from its rendition, or after that time by an order of the Supreme Court or a justice thereof, that such *supersedeas* is full of force and effectiveness as to all the provisions of such decree, except those provisions thereof that *grant or dissolve an injunction*. The latter provisions thereof must be suspended or modified by a special order of the Supreme Court or a justice thereof. The contention is well founded that the circuit judges have, under this statute, no authority on an appeal from a *final decree* to grant a *supersedeas* thereof, but we do not understand that the *supersedeas* assailed in this case acquired its effectiveness from that part of the order, made by the Circuit Judge prescribing the amount and conditions of the supersedeas bond to be given by the appellant, that seems expressly to grant a supersedeas. The appeal in this case was taken and the requisite bond given within thirty days from the rendition of the decrees appealed from, and under the provisions of the first subdivision of said Chapter 4917, in connection with those of Section 1272 of the Revised Statutes, it was the exclusive province of the *Circuit Judge* to fix and prescribe the *amount and condition* of the bond to be given by the appellant in order to have his appeal acquire, *under the statute,* the force and effect of a supersedeas. The application of the appellant to the Circuit Judge was not for a *supersedeas,* but expressly called the attention of the Circuit Judge to the fact that his appeal was entered within thirty days from the rendition of the decrees apealed from, and asked only for an order fixing the amount and conditions of the bond that he should give in order that, *under the statute,*

his appeal might have the force and effect of a superse-deas. This application the Circuit Judge responded to by making the order prescribing the amount and conditions of such bond, and the bond as prescribed was given which, under the circumstances, *by force of the statute* and without the aid of an order from any judge or court, gave to the appeal the force and effectiveness of a super-sedeas of all the provisions of the decrees appealed from, except that feature thereof that granted a perpetual injunction, and as to this latter provision the supersedeas in the case, imposed by the statute, does not affect it, and we do not understand that it is claimed to do so. In cases where there is a *statutory supersedeas,* obtained by virtue of the perfection of an appeal within thirty days from the rendition of the decree appealed from, this court has no authority to *vacate* it upon the ground that the appeal is frivolous. There is no merit in the other grounds of the motion, and said motion is, therefore, hereby denied.