## VOL. 83, JANUARY TERM, 1922. 153

Walker et al. v. Am. Agri. Chem. Co.—Syllabus.

R. D. WALKER AND BERTIE WALKER, HIS WIFE, *Appellants*,
v. AMERICAN AGRICULTURAL CHEMICAL COMPANY, A COR-
PORATION, *Appellee*.

Opinion Filed January 30, 1922.

1. If matter contained in an answer in a chancery cause is relevant and can have any influence upon the decision of the subect-matter of the controversy it is not impertinent and will not be stricken.

2. It is not the purpose of Section 2920, Revised General Statutes, to require the court upon motion to quash proceedings in error based upon the ground that such proceedings are taken against good faith or merely for delay "to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash such proceedings where the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact, raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket."

A motion to quash the appeal.

Motion denied.

*Gibson & Riherd*, for Appellants;

*John W. Bull*, for Appellee.

WEST, J.—Motion is made to quash this appeal upon the ground that it is frivolous and was taken against good faith and for the purpose of delay.

The suit is to foreclose a mortgage upon real estate. The complainant is alleged to be the owner of the mortgage and the indebtedness secured by it, having acquired same by assignment from the mortgagee. The bill is in the usual form with the notes evidencing the indebtedness and the mortgage sought to be foreclosed attached.

Respondent mortgagors by answer set up as a defense to the bill in substance what amounts to an agreement between counsel representing the parties by the terms of which counsel for complainant is alleged to have agreed with counsel for respondent mortgagors to accept on behalf of his client in satisfaction of their obligation to it a sum less than the full amount of the mortgage indebtedness, with what may, if proved, amount to a ratification of said agreement by complainant in the form of an executed release of respondent mortgagors upon their obligation to pay the indebtedness to complainant, which release is alleged to have been placed by complainant in the hands of its counsel "within the time limit of the carrying out of said agreement between the parties" for delivery to said respondents, an offer to pay said less sum by respondent mortgagors, refusal by counsel of complainant to accept such offer, and the subsequent tender and payment of same into the registry of the court contemporaneously with the filing of the answer.

The paragraph of the answer setting up this defense was upon motion stricken. The appeal is from this order which is assigned as error. The motion to quash the appeal is based upon the statute giving to courts of error power to

quash proceedings in error taken against good faith or for delay. Section 2920, Revised General Statutes.

The rule is that if matter contained in an answer in a chancery cause can have any influence upon the decision as to the subject-matter of the controversy, the particular relief to be given, or as to costs, it is not impertinent and will not be stricken. Southern Ferro Concrete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 South. Rep. 171; Cummer Co. v. Yager, 75 Fla. 729, 79 South. Rep. 272; Jones v. Hiller, 65 Fla. 532, 62 South. Rep. 583; Trustees I. I. Fund v. Root, 63 Fla. 666, 58 South. Rep. 371; Robertson v. Dunne, 45 Fla. 553, 33 South. Rep. 530; Bush v. Adams, 22 Fla. 177.

In Holland v. Webster, 43 Fla. 85, 29 South. Rep. 625, at p. 92, this court, in the consideration of a similar motion made under this statute, said:

"We are satisfied that it is not the purpose of the statute to require the court upon motions of this character to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash proceedings in error or by appeal where the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities, nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket."

The absence of merit in the question involved upon this appeal is not so apparent upon an examination of the record as to demonstrate the untenableness of the assignment of error and to make it manifest that the appeal is frivolous and was taken against good faith and merely for delay.

The motion will be denied.

Denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.