W. T. WILLIAMS, B. L. BLACKBURN and G. H. CORNELIUS, Composing the COUNTY CANVASSING BOARD OF ELECTIONS OF HILLSBOROUGH COUNTY, FLORIDA, et al., *Plaintiffs in Error*, v. THE STATE OF FLORIDA ex rel. VINCENT NUCCIO, JR., *Defendant in Error.*

Division A.

Opinion filed May 21, 1929.

*T. M. Shackleford, L. D. McGregor, Sandler & Duff* and *John Gaines,* for Plaintiffs in Error;

*Herbert S. Philips, Ralph A. Marsicano* and *Dickenson & Lake,* for Defendants in Error.

PER CURIAM.—It appears by a petition filed in this Court on the 7th day of May of the present year that a writ of

error was taken to a judgment of the circuit court awarding a peremptory writ of mandamus in the case of The State of Florida ex rel. Vincent Nuccio, Jr., v. W. T. Williams et al., constituting the inspectors and election officers of the County of Hillsborough. The cause is one in mandamus to compel a recount and recanvass of the votes cast at a general election for the office of County Commissioner, District No. 1, Hillsborough County, Florida, held on the 6th day of November, A. D. 1928.

It appears from the petition that the cause referred to is the same one which was determined by this Court at the present term, in which it was decided that a final order sustaining a demurrer and a motion to quash an alternative writ of mandamus issued in behalf of the State of Florida on relation of Vincent Nuccio, Jr., against the said persons constituting the inspectors and other election officials of Hillsborough County, was erroneous and in which this Court reversed the final order dismissing the alternative writ of mandamus and remanded the cause for appropriate proceedings.

The decision of this Court was entered on the 13th day of February, 1929. A brief statement of the subject matter of the litigation and the questions involved in the proceeding is set out in the opinion and shows that the only point of controversy between the parties litigant was whether certain ballots cast at the election for the candidates for the office of County Commissioner for District No. 1, Hillsborough County, were correctly and accurately counted and tabulated and due return thereof made.

The Court held that according to the facts as disclosed by the record the ballots cast at the election for one of the candidates for the office named were not correctly and accurately counted, tallied, tabulated, canvassed and due return thereof made and that the relator Nuccio, was entitled on the

showing made to an effective writ to compel the performance of the ministerial duty of the election officials; that the question whether ballots cast for persons of the same surname and same initials but different appendant description and for persons of the same surname but of different initials should be counted, tabulated and returned as cast for one certain person was a question for judicial determination and not within the judgment of the ministerial election officials.

According to the petition filed and the exhibit accompanying it, the judge of the trial court ordered the respondents to make return or answer to the writ when it was made known to him that the mandate from this Court had been received by the Circuit Court for Hillsborough County. Twice the time designated by the Court within which the return or answers were to be filed was extended at the request of respondents' counsel. On the 3rd of April the returns were filed.

The matters of fact averred in those answers constitute no defense whatsoever to the alternative writ. They consist of averments of fact made with much prolixity, which set up as a defense those matters which this Court in its former opinion definitely stated constituted no defense to the writ, but on the other hand were an obvious evasion of the determination of this Court that ''the inspectors should count, tabulate and return the votes and ballots as cast for each of such names separately, and likewise as to votes cast for any Lester with different initials or with no initials. The legal effect of such votes is for judicial determination.''

The court sustained motions to strike and demurrers to the returns and awarded a peremptory writ of mandamus on April 30, 1929.

On the 3rd day of May the respondents obtained a writ of error to that judgment and made the same returnable to the

26th day of July, 1929, and filed a supersedeas bond in the sum of Five Hundred Dollars pursuant to an order made on the 2nd day of May before the request for the writ of error was made or the writ itself was issued.

The petition prays that this Court shall vacate the supersedeas and direct the circuit court to proceed in said cause as required by law.

By the terms of the Constitution the Supreme Court has appellate jurisdiction of all cases at law originating in the Circuit Court. Appellate jurisdiction is the power to take cognizance of and review proceedings in an inferior court irrespective of the manner in which they are brought up whether by appeal or writ of error.

It is apparent to the Court from an inspection of the record certified by the clerk upon this motion that the error proceedings were clearly for purposes of delay and raise no debatable question. This is true because while the averments in the answers or returns may present the question whether the ballots as actually cast and returned by the officials were intended for the same person, that question is not reached until the ballots as cast are actually counted and returned as this court decided should be done in the former appeal to which reference is made.

In other words the respondents seek to present the question prematurely. The question has no place in the present state of this controversy.

The doctrine is not unfamiliar to the practice in this State. In the case of Knight & Martin v. West Coast Naval Stores Co., 44 Fla. 619, 33 So. R. 454, the Court, upon an application for a supersedeas and a motion by appellees to dismiss for failure of appellants to file briefs, considered the transcript of the record on the application for a supersedeas and finding no merit in the appeal, but on the con-

trary that it was frivolous dismissed the appeal at the cost of appellants.

Where it may be made to appear to the Court that an appeal is frivolous and without merit the power exists the appellate court to dismiss the proceedings. 2 Stand. Ency. Proc. 389.

The statute contemplates the same procedure in requiring the appellate court to examine the record and to reverse or affirm the judgment or to give such judgment as the court below ought to have given, or as it may appear according to law. Sec. 4637 Comp. Gen. Laws 1927.

The processes of the Court cannot be used to defeat the administration of justice. It is idle to contend that the powers of an appellate court are practically destroyed by meticulous observance of technical rules of procedure when upon a proper motion sufficient evidence is exhibited to the Court that the error proceedings are without merit, frivolous and used for delay to the end that justice may be destroyed and substantial rights frittered away in meaningless and loquacious discussions. It would be a sad commentary upon the so-called scientific administration of justice in this advanced age, when the preservation of public and private rights are pretended to be secured by the orderly processes of the law, that substance could be so easily sacrificed to shadow and pretense.

The case of Johnson v. Turner, 44 Fla. 244, 33 So. R. 238, is not analogous to the case at bar and, as counsel interpret it, is a hopeless confession of the subserviency of this Court to practices designed to defeat the cause of justice by sophistical submission to rules of procedure. Such could not have been the thought which pervades the case. In the first place, a statement is made of the controversy. It does not appear that the court considered the appeal as being without merit or frivolous. It involved

the determination of property rights, the supersedeas was a statutory one. The court said it had no authority to vacate the supersedeas on the ground that the appeal was frivolous. It did not hold that it could not dismiss the appeal on that ground if it was found to be true, as it did in the Martin case, *supra,* decided at the following term, which was in conformity with authority and precedent. See Elliott Appellate Procedure, Sec. 520.

It is the judgment of the Court that the proceedings in error be quashed under the authority of Section 4639 Comp. Gen. Laws 1927.

It is so ordered.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.