C. A. RANDALL AND ELMA A. RANDALL, his wife, joined by her husband, C. A. RANDALL, for the purpose of this suit, *Appellants,* v. ALICE I. TWITCHELL, single, *Appellee.*

En Banc.

Opinion filed October 3, 1929.

560

*Selden, Hodgden & Couchman,* for Appellants;

*Horn & Ossinsky,* for Appellee.

DAVIS, Commissioner:

A motion is made to quash the appeal upon the ground that it is frivolous and not taken in good faith, but for the purpose of delay.

The suit was instituted for the purpose of foreclosing a real estate mortgage, the bill of complaint being in proper form. The appellants filed a joint and several answer denying the allegations setting up the indebtedness and the making and delivery of the note and mortgage. They specially "deny that the said mortgage was on the 1st day of July A. D. 1925 duly acknowledged." Ownership of the premises at the time of the alleged execution is also denied but it is admitted that at the time of filing the bill of complaint the title was in the defendant Elma A. Randall. The alleged payments of interest and the maturity of principal sum is also denied.

Section 4639 of the Comp. Gen. Laws of Fla., Sec. 2920 Rev. Gen. Stats. expressly recognizes in this Court the

power to "quash proceedings in error in all cases in which error does not lie, or where they are taken against good faith or merely for delay." This statute applies to appeals in chancery as well as to writs of error in law actions. See Sec. 4965, Comp. Gen. Laws of Florida.

No issue is made in the pleadings as to the authority of the person who signed the certificate of acknowledgment attached to the mortgage to take the same, nor is there any allegation that fraud or duress was exercised in procuring, or in the making of the said certificate. The answer contains no allegation to the effect that the appellants did not appear before an officer duly authorized to take acknowledgments, nor does it allege that no acknowledgment whatever was made, but it does embrace the denial hereinbefore quoted.

A copy of the mortgage sought to be foreclosed, to which is attached a copy of the certificate of acknowledgment, is made a part of the bill of complaint and this certificate sets forth all of the requirements of the statute.

The circuit judge appointed a special examiner to take and report the testimony. To the examiner's report as filed, the defendants interposed certain objections and exceptions which were "overruled" by the court and the cause proceeded to a final decree in favor of the complainant. The appellant assigned as error, first the overruling of objections and exceptions, and, second, the decree approving the master's report and finding that the sums of money stated in the final decree are due the appellee and decreeing that said sums be paid within one day, and in default of such payment the property be sold and that out of the proceeds derived from the said sale there be paid the said sums including $500.00 allowed for attorney's fees.

Upon inspecting the record we find no merit in the

first assignment of error. Section 4922 of Comp. Gen. Laws of Florida provides for the taking of testimony before an *examiner* to be appointed by the court. See also Rule 69 for the Circuit Courts in Equity which provides for the procedure relating to the taking and return of the testimony to the clerk's office.

Section 4938 of the Comp. Gen. Laws of Florida, authorizes the appointment of *special masters* in chancery and prescribes the duties and powers of such special masters.

The duties of an examiner, as we understand it, are limited to taking the testimony of witnesses, after giving notice to the solicitors for the parties of the cause to attend and interrogate the witnesses, reduce the testimony to writing and return it to the clerk's office.

There is no provision in statute or rule of court for the filing of such objections and exceptions to an examiner's report as we find in this record, Rule 84 provides for the filing of exceptions to a master's report.

This Court has held that "the certificate of the officer as to the acknowledgment of the execution of a deed of conveyance or mortgage made before him is a *quasi* judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is, in the absence of fraud or duress, conclusive of the facts stated in the official certificate."

Bank of Jennings v. Jennings et al., 71 Fla. 145, text 150, 71 So. R. 31; Green v. First Nat. Bank, 85 Fla. 51, 95 So. R. 231; Hart v. Sanderson, 18 Fla. 103; Shear v. Robinson, 18 Fla. 379; McClure v. Am. Nat. Bank of Pensacola, 67 Fla. 32, 64 So. R. 427; Holland v. Webster, 43 Fla. 85, 29 So. R. 625.

The notary before whom the acknowledgment was

taken was called as a witness and testified that she took the acknowledgment and that her certificate states the truth. There is nothing in the record that tends to prove the contrary, except the statement of the defendant Elma A. Randall, who was produced as a witness for the appellants, and testified in substance that she signed a mortgage on July 1, 1925, in favor of the appellee, Alice I Twitchell; that no one was present when she signed it but Mr. Randall, and that she never appeared before anyone for the purpose of acknowledging it.

The presumption being in favor of the correctness of the decree appealed from, the uncorroborated testimony of Mrs. Randall, one of the appellants, to the effect that she did not appear before the notary and acknowledge the execution of the mortgage, if competent under the pleadings, is wholly insufficient to justify the Court in saying that the decree is erroneous.

Being of the opinion that the denial in the answer that "the mortgage was on the 1st day of July A. D. 1925, duly acknowledged" impliedly admits that there was some kind of acknowledgment then, or at some other time, and no question of fraud or duress in procuring the acknowledgment having been raised in the pleadings, the certificate of the notary in taking the acknowledgment is taken as conclusive of the facts stated therein.

Inasmuch as it is apparent upon an examination of the record that the assignments of error are untenable, and are so plainly and palpably without merit as to lead to the conclusion that the appeal was taken merely for delay, the motion to quash the appeal should be granted. Holland v. Webster, 43 Fla. 85, 29 So. R. 625; Willey v. Hodgson, 89 Fla. 446; Walker v. Am. Agr. Chem. Co., 83 Fla. 153, 90 So. R. 696.

Per Curiam.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the motion to quash the appeal herein be and the same is hereby granted.

Terrell, C. J., and Whitfield, Ellis, Strum, Brown and Buford, J. J., concur.