J. E. Crump, *Plaintiff in Error,* v. Snively-Giddings Construction Company, *Defendant in Error.*

Division B.

Opinion filed February 15, 1930.

Petition for rehearing denied April 17, 1930.

*Summerlin & Wimberly,* for Plaintiff in Error;

*Allen E. Walker* and *Harry E. King,* for Defendant in Error.

PER CURIAM.—In this case suit was brought on common counts, as follows:

"1. Money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant.

"2. Work done and materials furnished by the plaintiff for the defendant at his request.

"3. Money lent by the plaintiff to the defendant.

"4. Money paid by the plaintiff for the defendant at his request.

"5. Money received by the defendant for the use of the plaintiff.

"6. Money found to be due from the defendant to the plaintiff on accounts stated between them."

The damage alleged was Seven Thousand ($7,000.00) Dollars.

Bill of particulars was attached to the declaration.

There were a number of pleas filed.

There were seven (7) assignments of error filed by the plaintiff in error and one cross assignment of error filed by the defendant in error.

Briefs have been presented by both sides.

Motion has been filed by the defendant in error to quash the writ of error under the provisions of Sec. 2920, Rev. Gen. Stats. 1920, Sec. 4639, Comp. Gen. Laws 1927, because as it is alleged, "The writ of error in this case was prosecuted merely for the purpose of delay." It appears to the Court that the assignments of error are entirely without merit and that the only advantage which could accrue to the plaintiff in error was that advantage which might accrue by reason of delay necessary incident to bring a case by writ of error to an appellate court, the docket of which is so congested that cases may not be reached in the ordinary course of disposition on the merit until after the expiration of a long period of time.

The statute authorizes the imposition by this Court of a penalty not exceeding ten per cent (10%) to be adjudged against the plaintiff in error in favor of the defendant in error in cases where it is the judgment of the Court that the writ of error was prosecuted solely for the purpose of delay, but the statute does not require the Court to impose the penalty and, therefore, we shall refrain from imposing the penalty of assessing damages against the plaintiff in error in this case.

For the reasons stated, the writ of error should be quashed and it is so ordered.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.