SIMON F. WILLIAMS and MARY S. WILLIAMS, his wife, FRANCIS SWINDAL, joined by C. H. SWINDAL, her husband and CASPER HOWARTH, *Appellants*, vs. JOSEPH R. DUNN, as Receiver of PEOPLES BANK OF JACKSONVILLE, a corporation, *Appellees*.

141 So. 190.

En Banc.

Opinion filed April 26, 1932.

*Newcomb Barrs,* for Appellants;

*Kay, Adams, Ragland & Kurz,* for Appellee.

PER CURIAM.—An interlocutory order herein, striking a portion of the answer in a mortgage foreclosure, was affirmed on appeal. Williams v. Dunn, 101 Fla. 652, 135 So. 139. On appeal from a final decree for complainant, errors were assigned on (1) the overruling of objections to the rendering of the final decree on grounds that the case was not set down for hearing by entry in the chancery order book and that the proposed final decree disregards the requirement of Section 954, Compiled General Laws, 1927, that out of the proceeds of judicial sales all taxes due and unpaid against the property shall be paid; (2) the entry of the final decree.

The appellee moves here that the appeal be dismissed on the grounds that:

"1. The record in this cause shows that the execution of the note and mortgage sought to be foreclosed in this proceeding is not denied by the defendants and that no defense is set up by the pleadings thereto.

2. It appears from the record in said cause that the appeal is frivolous and prosecuted only for the purpose of delay in that the matters assigned in the assignment of errors if error at all constitute at most harmless irregularities in procedure which do not constitute ground for reversal."

Section 4639 (2920) Compiled General Laws, 1927, provides that:

"Courts of error shall have power to quash proceedings in error in all cases in which error does not lie, or where they are taken against good faith or merely for delay, and may decree in such cases dam-

ages against the plaintiff in error not exceeding ten per cent.''

By Section 4965 (3173) Compiled General Laws, 1927, it is provided that:

''The provisions of law relating to writs of error governing the filing of transcripts of record, and proceedings thereon, and filing assignments of errors, the duty of appellate court in examining the record and giving judgment, in causing execution of its decrees and in quashing writs of error, shall be applicable to appeals in chancery.''

Under these statutes the Supreme Court may entertain and determine motions to quash proceedings in error or by appeal, based upon the ground that such proceedings are against good faith or merely for delay. Holland v. Webster, 43 Fla. 85, 29 So. 625. A motion to dismiss that is appropriately framed may be treated as a motion to quash under the statute. Ruff v. G. L. Co., 99 Fla. 197, 126 So. 383; 98 Fla. 559, 124 So. 21; 99 Fla. 368, 89 Fla. 446, 105 So. 126.

In this case the motion to dismiss will be regarded as a motion to quash and due consideration leads to the conclusion that the motion should be granted.

Chancery Rules provide:

''Rule 85. After the cause is at issue and the time for taking testimony has elapsed, either party may, at any time, set the cause down for a hearing, unless further time for taking testimony is agreed upon by the parties, or is allowed by the court or judge, and after the testimony has been taken the cause may be set down for a hearing by either party as aforesaid, provided that the plaintiff or complainant may, as of course, set down the cause for a hearing on bill and answer at any time.''

''Rule 86. A cause may be set down for a hearing by an entry in the order book in the clerk's office as follows: 'Set down for a hearing by complainant,' (or defendant, as the case may be). But after the same is so set down, the court or judge may, for good

cause, open the same to allow further time for taking testimony. After a cause has been set down for a hearing, either party may at any time, upon notice to the adverse party, have the cause heard upon a day to be named in such notice, unless for good cause the court or judge shall postpone the hearing to another day, and if on the day named in the notice or the day fixed by the judge for a hearing, one or the other of the parties shall not attend, the cause may nevertheless be proceeded in, and the court shall render such decree as the right and justice of the case may require.''

In Section 65 of Chapter 14658, Acts of 1931, the ''1931 Chancery Act'', it is provided:

''If no' exceptions (to the master's report) are filed within the said period (ten days) by either party, the report shall be confirmed by order of the court or in or by the final decree. If exceptions are filed they shall stand for hearing before the court upon reasonable notice by either party.''

The master's report was filed November 24, 1931. Exceptions, thereto were filed December 4, 1931, by the defendants. On December 1, 1931, counsel for the defendants accepted notice of final hearing on December 7, 1931.

Chancery Rule 86 provides how a cause may be set down for hearing, but this method is not made imperative. In this cause counsel for defendants accepted service of notice of final hearing and at the time designated objected to the hearing and to the proposed final decree; but such objections were not well taken because a failure to set the cause down for hearing under Rule 86 was not fatal, and adequate notice of the final hearing was accepted by counsel for the defendants. The duty of the master to pay taxes from the proceeds of a judicial sale is statutory (sec. 954, C. G. L.) it is not proper for the foreclosure decree to require the payment of taxes at least when the amounts thereof have not been put in issue and duly adjudicated in the fore-

closure proceedings. Williams v. Howarth, 102 Fla. 709, 136 Sou. Rep. 345.

The bill of complaint alleges that complainant

"has incurred expenditures for abstracts of title and other expenses incident to and connected with the foreclosure of said mortgage and has incurred and will continue to incur expenditures in and about the same, including the fees of its solicitors in this proceeding all of which are secured by the terms of said indenture of mortgage to the same extent as the original debt therein mentioned and described and secured thereby."

The mortgage made a part of the bill of complaint contains a covenant

"To pay all and singular the costs, fees, charges and expenses including cost of abstract of title to the above described premises, and reasonable attorneys' fees, which the mortgagee may be put to or incur in collecting any sum, either of principal or interest, secured thereby, or in protecting the mortgagee's security, whether by suit or otherwise."

A similar provision is contained in the note.

The above quotation from the bill of complaint and the mortgage made a part of the bill are sufficient for the introduction of evidence as to a reasonable attorney fee incurred as an obligation by the complainant. There is testimony that one thousand dollars is a reasonable attorney fee and the decree allowed seven hundred and fifty dollars as attorney fee for foreclosing the mortgage resulting in a decree awarding $7,681.34 to the complainant.

Upon an examination of the record the untenableness of the assignments of error appears and the appeal should be and is quashed. Holland v. Webster, supra.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.