**FREDDIE LEE LANE, JAMES DAVIS and JAMES C. WILLIAMS, v. STATE OF FLORIDA.**

19 So. (2nd) 366
September 28, 1944
Rehearing denied October 6, 1944

June Term, 1944
En Banc

*Bradford G. Williams,* for appellants.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *O. C. Parker,* State Attorney, for appellee.

BUFORD, C. J.:

This cause is before us on motion of the State to dismiss the appeal upon the ground that same was interposed only for delay and the transcript of the record discloses nothing which does or could constitue a legal ground for appeal and review of the judgment of the Circuit Court in this regard.

The record is before us showing that the three defendants were indicted for the crime of rape alleged to have been committed by them on a woman in Gadsden County, Florida; that a special term of the circuit court of the said County was called and held for the purpose of disposing of the charge against the accused; that before indictment the circuit judge conferred with the defendants to ascertain whether or not they, or either of them, had retained, or were in position to retain, counsel and, being advised by each of them that they had not retained an attorney and did not contemplate doing so, he then advised each of them that the court would appoint an attorney of the bar of the Second Judicial Circuit to represent each of them and that in doing so he would appoint such attorney as each might select. Two of the defendants stated that they would leave the selection up to the judge. The other announced that he was acquainted with Attorney Clyde Gregory of Tallahassee and wanted him. So the judge ap-

pointed another able attorney, Mr. R. W. Ashmore, Jr., of the Tallahassee Bar, to represent one of the other defendants, and Mr. Paul Gregory, an able lawyer with many years of successful experience in the practice of criminal law in this section of Florida, to represent the other defendant, of which appointments he advised the defendants and they approved his action. He also arranged for these attorneys to meet and confer in private with defendants whenever such conferences were desired by either or all.

Thereafter a special term of court was called, a grand jury was empaneled and the indictment was returned and a day set for such trial, all in the presence of such attorneys. The accused and the parent or parents of the minor defendants were given due notice thereof. When the day and time arrived for trial it was made to appear to the trial court that the accused could not procure a fair and impartial trial in Gadsden County and that there existed a great probability that if it was attempted to bring accused into court at that time and place there would be blood-shed. Thereupon the State presented its motion that the cause be removed for trial to some convenient circut court where the defendants could have a fair and impartial trial. Attorneys for each of the defendants announced, in open court that they, as attorneys for respective defendants, approved the motion and consented that it be granted. Thereupon an order was duly made and entered removing and transferring the cause for trial and other proceedings to the Circuit Court of Alachua County, Florida, at Gainesville.

Thereafter, executive orders were made by the Governor assigning Hon. H. May Walker, Circuit Judge of the Second Judicial Circuit of Florida, and Hon Orion C. Parker, States Attorney of the Second Judicial Circuit of Florida, to proceed to Gainesville in the Eighth Judicial Circuit of Florida, and to there act and function as circuit judge and states attorney respectively in said County and said Court in all further proceedings in connection with the trial and disposition of said cause.

Pursuant to such order, a special term of the Circuit Court in and for Alachua County was duly called and held,

attorneys for the defendants being present in court. A day and date agreeable to said counsel was thereupon set for trial and, after due notice to the defendants and their respective attorneys, and to the parent or parents of the minor defendants, of said trial date, the cause came on for trial. When the cause was called for trial the defendants, each in person and by attorney, were present and announced ready for arraignment under the indictment charging each of the defendants with the crime of rape.

Thereupon, each of the defendants was separately arraigned and each entered his plea of guilty to the offense charged. Thereupon the trial court carefully questioned each defendant to ascertain whether or not his plea was freely and voluntarily entered and whether or not the defendants each respectively realized what the consequence of such plea would probably be. The answers of each of the defendants were sufficient to show that he entered his plea freely and voluntarily and that he was fully advised of his rights and realized the results which would probably follow such plea.

Thereupon the trial court accepted the plea of each of the defendants, discharged the jury and proceeded to take testimony concerning the circumstances surrounding the crime for the purpose of determining the penalty to be lawfully inflicted as to each. See 921.13 Florida Statutes, 1941. The victim of the assault and other witnesses on behalf of the State were examined under oath in the presence of each defendant and his attorney, with full opportunity given for cross examination, and testified as to pertinent facts without objection by or from either of the defendants. We find no illegal evidence to have been received however. Then each defendant voluntarily (as shown by the record) became a witness in his own behalf and, after being carefully warned of his rights, testified fully and frankly, under oath, as to the commission of the crime to which he had entered his plea. Each testified that he and his two co-defendants held up the woman victim in Gadsden County, Florida, on a highway in the night-time, at which time defendants were armed with a pistol and a rifle, both of which they pointed at the woman and with them (the weapons) threatened her life;

that by force and against her will and with threats of death if she did not submit, each of the defendants assaulted her, consummating sexual intercourse with her, (two of them twice, once each in an automobile and once each on the ground a short distance away from the road; one of the defendants admitted only one act of sexual intercourse. However, his co-defendants and the woman all testified that he also committed the act twice.)

Each defendant testified, in effect, that after they had each sexually assaulted the woman the first time they discussed among themselves the advisability of killing the woman whom they were then by threats and force detaining, to prevent her from reporting and prosecuting them; that after they had each sexually assaulted her the last time one of them shot her (she was shot twice) and that they then believed she was dead; that they covered her with leaves, trash and limbs and fled the scene in an automobile.

The testimony shows that the woman, after a few hours, recovered consciousness, made her way to other people and reported the occurrence. Within a few hours the perpetrators of the crime were apprehended and arrested more than a hundred miles from the scene of the crime.

On the plea and evidence each defendant was adjudged guilty of the crime of rape and was sentenced to death by electrocution.

From the judgment and sentence, notice of appeal was filed. Thereupon, the appellee filed the aforesaid motion to dismiss and brought a complete certified transcript of the record of the proceedings, trial and judgment to be filed here, which was duly filed. After due notice to counsel of record on said appeal, the said motion came on for hearing and disposition on September 25, 1944.

Attorney for appellants at the hearing on motion to dismiss filed here a statement of his contentions as to why this Court should review the judgment. He has not pointed out a single alleged error committed in or about the indictment, trial, judgment or proceedings as disclosed by the record.

Section 59.33, Fla. Statutes, 1941, provides:

"Courts of error shall have power to quash proceedings in error in all cases in which error does not lie, or where they are taken against good faith or merely for delay. . . ." . . .

In Williams, et al., v. State ex rel. Nuccio, Jr., 97 Fla. 876, 122 So. 523, we held:

"Where it appears to the court that an appeal is frivolous and without merit, the power exists in the appellate court to dismiss the proceedings in view of Comp. Gen. Laws, 1927, Sec. 6437; 'appellate jurisdiction' being the power to take cognizance of and review proceedings in an inferior court irrespective of the manner in which they are brought up, whether by appeal or writ of error."

And also said:

"The processes of the court cannot be used to defeat the administration of justice. It is idle to contend that the powers of an appellate court are practically destroyed by meticulous observance of technical rules of procedure when upon a proper motion sufficient evidence is exhibited to the Court that the error proceedings are without merit, frivolous and used for delay to the end that justice may be destroyed and substantial rights frittered away in meaningless and loquacious discussions. It would be a sad commentary upon the so-called scientific administration of justice in this advanced age, when the preservation of public and private rights are pretended to be secured by the orderly processes of law, that substance could be so easily sacrificed to shadow and pretense."

To like effect was the holding in Ruff, et al., v. Guaranty Title & Trust Co., et al., 99 Fla. 197, 126 So. 283, and in Holland v. Webster, 43 Fla. 85, 29 So. 625; Crump v. Snively-Giddings Const. Co., 99 Fla. 368, 126 So. 291; Randall v. Twitchell, 98 Fla. 559, 124 So. 21, followed in Langfield v. Cozine, 98 Fla. 564, 124 So. 23, 98 Fla. 565, 124 So. 23; Anderson v. Hardesty, 99 Fla. 1347, 128 So. 851; Walker v. American Agr. Chemical Co., 83 Fla. 153, 90 So. 696; Broward v. Bowden, 39 Fla. 751, 22 So. 489; Barrs v. Peacock, 65 Fla. 12, 61 So. 118; DuBose v. Meister, 92 Fla. 995, 110 So. 546. See also 4 C.J.S. page 1961-1963, Sec. 1358, et seq., as to motions to dismiss.

Our Rule 4 contemplates the authority to dismiss any case upon good legal and valid grounds being shown and such rule is authorized under Sec. 316 Criminal Procedure Act, Sec. 924.40 Fla. Stats. 1941, (same F.S.A.), Such power has been often exercised by us in criminal cases.

The machinery of courts of justice should never be allowed to be used merely for the purpose of delay or to obstruct the orderly processes of justice. Neither should courts deprive anyone of the right to be heard when he makes it to appear that he has a justiciable issue to be determined. Such has not been made to appear in this case and we have sought in vain to find in the record basis for such an issue.

Each member of this Court has carefully perused the entire transcript of the record and we find nothing reflected therein which would, or could, constitue a valid ground for appeal. Due process has been carefully and meticulously observed through each stage of the proceeding. The appeal appears on the face of the record to be wholly without merit. We have been unable to find anything in the record which would constitue the basis for a justiciable issue to be determined on review of the cause and, therefore, the motion to dismiss should be granted. Let mandate of dismissal now issue.

So ordered.

TERRELL, BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J.:

This cause coming on this day to be heard on Petition for Rehearing, the Petition having been considered in the light of argument of counsel for the respective parties, it is ordered and adjudged that said Petition be denied because Petition presents no matter of record not heretofore considered and acted upon by this Court. The Petition presents and relies only upon alleged grounds for new trial not appearing in the record and not available for review on appeal.

Therefore, rehearing is denied.

TERRELL, BROWN and ADAMS, JJ., concur.

Justices CHAPMAN, THOMAS and SEBRING favor order denying Petition without comment.

PER CURIAM:

Upon consideration of the petition of counsel for appellants for leave to apply to the Circuit Court of Alachua County, Florida for a writ of error coram nobis, it is ordered that said petition be and the same is hereby denied.

TERRELL, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J., and BROWN, J., concurring specially in order to deny.

BUFORD, C. J., concurring in order to deny:

The above named petitioners having this day applied to this Court for an order allowing the petitioners to apply to the Circuit Court of Alachua County for a writ of error coram nobis challenging the validity of the judgment of conviction of the crime of rape;

The said petition being considered we find that the conviction of each of the defendants stands as the judgment of the Circuit Court of Alachua County and has neither been affirmed or reversed by the Supreme Court and is therefore not the judgment of this Court. This Court having heretofore dismissed the appeal entered in this cause, the Court is without jurisdiction to enter an order in compliance with said petition.

I therefore think the petition should be denied without prejudice to petitioners to apply to the Circuit Court of Alachua County, Florida, as they may be advised.

I concur in order denying petition.

BROWN, J., concurs.