SEBRING and ROBERTS, Justices.
We here consider two motions filed in this appeal by the appellees, defendants below: (1) a motion to strike certain parts of the record on appeal, and (2) a motion to affirm the judgment appealed from, pursuant to Supreme Court Rule 38, 30 F.S.A.
The appeal to which such motions are directed was taken from an order of the lower court dismissing plaintiff’s action, at law, for damages for breach of a restrictive covenant in a deed, for failure to state a cause of action. The plaintiff had previously attempted to obtain equitable relief by way of a mandatory injunction to corn-pel the removal by the defendants of a structure allegedly built in violation of the restrictive covenant. The lower court denied the equitable relief prayed for, because of the plaintiff’s laches in waiting *148 until the offending structure was completed before seeking equitable relief, and dismissed its complaint “with leave to the plaintiff to file an amendment in the nature of a common law suit for damages, if it be so advised, in which event this decree-shall operate to transfer this cause to the law side of the Court without further order.” The decree also ordered the restrictive covenant stricken from -the public records on the ground that it was “unenforceable” against the defendants. This decree was reviewed by this court on plaintiff’s petition for the writ of certiorari, and certiorari was denied by this court without opinion.
As has been noted, the' plaintiff’s amended complaint oh the law side of the court was dismissed upon the motion of the defendants for failure to state “facts upon which the relief prayed for can be granted,” and leave to amend was denied. This appeal followed.
In support of their Motion to Affirm Judgment under Supreme Court Rule 38, the defendants contend that all questions argued by the plaintiff in its appeal brief relate to matters that were set at rest when this court approved the equity decree by denying plaintiff’s petition for certiorari, except the question of whether plaintiff should have been given leave to amend his complaint at law; that 'the latter question was within the discretion of the trial judge, as to which no abuse thereof was shown; and that, since “the questions on-which the decision of the cause depends are so unsubstantial as. not to need further - argument,” the order should be affirmed under, the authority of Rule 38. This contention must be sustained.
Rule 38 of the Supreme Court Rules provides that “Where appropriate, the appellee may file a motion to affirm the order, judgment or decree sought to be reviewed, on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need, further argument. The motion shall set forth clearly and concisely the matter on which it is based.”
This rule was adopted as a companion rule to Rule 3?, providing for the quashal of appeals that are frivolous or taken only for the purpose of delay, and was designed to deal with those cases which cannot be reached by Rule 37 because of the narrow scope of the review allowable under the latter rule. To be more explicit, the purpose of Rule 37 is to reach appeals that, on a bare inspection of the record, are so readily recognizable ■ as being devoid of merit that the conclusion must be reached that the proceedings were taken merely for delay. Anderson v. Hardesty, 99 Fla. 1347, 128 So, 851; Walker v. American Agri. Chem. Co., 83 Fla. 153, 90 So. 696; Holland v. Webster, 43 Fla. 85, 29 So. 625; Willey v. Hoggson, 89 Fla. 446, 105 So. 126; Clifford v. Eastern Mortgage & Security Co., 123 Fla. 180, 116 So. 562; 2 Florida Jurisprudence, Appeals, Sec. 236, p. 494. Under this rule, the court makes only a cursory and superficial examination of the record and briefs to determine whether or not questions are presented which may be considered debatable. It does not examine authorities or arguments supporting counsel’s theory of the case, or resolve doubtful or debatable questions, to determine whether or' not the motion should be granted. Norfleet Holding Co. v. Price, 101 Fla. 666, 132 So. 643. Moreover, the moving party will not be heard, either orally or by brief, “for the - reason that the assignments of error must, on an examination of the record, be so wholly devoid of'merit as to require no argument on his part to show their unten-ableness.” Holland v. Webster, 43 Fla. 85, 29 So. 625, 627; Williams v. Dunn, 105 Fla. 327, 141 So. 190.
The inquiry under Rule 38 is much broader in scope. The purpose of. the rule is to reach appeals which, while they cannot •be considered frivolous, within the contemplation of Rule 37, nevertheless reveal from a consideration of the record and the briefs and oral arguments submitted by the parties in support of the motion, Rule 39, subd. 3, Supreme Court Rules, that there are no substantial errors in the proceedings and that the judgment or decree appealed from *149 should be affirmed without the .further expense and delay that will result from retaining the cause on an already heavily-loaded docket for a decision on the merits at some day in the distant future.
While all the grounds that may be urged for the affirmance of a judgment or decree cannot be set forth here, it would seem that the following, which are stated for the purpose' of illustration only, would be grounds that would come within the purview of the rule: (1) that assignments of error are based on rulings or actions of the trial court which the appealing party was precluded from raising on appeal, by reason of his failure to object, except or take other steps to preserve the point for review on appeal; (2) that the questions, or points, of law, raised on appeal are not based on valid assignments of error; (3) that the appellant is precluded from raising the questions or points, under principles of estoppel or res adjudicata; (4) that the questions or points raised are so plainly foreclosed by previous decisions of the court as to make further argument unnecessary.
As will be noted, the appellee is required, when proceeding under Rule 38, to “set forth clearly and concisely the matter on which [his motion] is based.” This provision of the rule is not complied with by merely asserting in the motion “.that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument,” for the duty rests upon the movant to point out “clearly and concisely”, with appropriate references to the record-on-appeal, the appellant’s brief, or the appendix, the exact matter on which he bases his conclusion that the questions raised are unsubstantial. Moreover, the burden rests upon the movant to sustain the grounds of his motion by the argument in his brief, and by his oral argument, if oral argument is requested. Rule 39, subd. 3, Supreme Court Rules.
Finally, the rule contemplates that upon the disposition of the motion an order will be entered which will (1) either grant the motion and affirm the judgment or decree appealed from, (2) will deny the motion and retain the cause on the docket for final decision, or (3) will strike’such questions as are unsubstantial and retain the cause on the docket for final decision as to the questions that have merit.
We have examined the record of the certiorari proceedings in which this court, pursuant to Rule 34 (new Rule 14) of the Supreme Court Rules, reviewed the equity decree referred to above. The record sustains defendants’ contention that all but one of the questions posed by plaintiff on this appeal were set at rest by our denial of certiorari on that occasion, under the rule of Hunter v. Tyner, 151 Fla. 707, 10 So.2d 492, 494, that a denial of certiorari “was an adjudication of the propriety of the order involved and it could not again be questioned in this appeal.” Since the plaintiff is precluded from re-arguing the questions relating to the errors allegedly arising out of the dismissal of its equity case, such questions are “so unsubstantial as not to need further argument”.
The only other point of law raised on this appeal by plaintiff relates to the trial judge’s denial of leave to amend its complaint. No contention is here made that its complaint stated a cause of action at law for damages and that the trial judge erred in dismissing it; it is contended only that the trial judge erred in denying to plaintiff leave to amend its complaint. The sole authority cited for this contention is Wilensky v. Perell, Fla.1954, 72 So.2d 278, 280. In the Wllénsky case, we reiterated the well settled rule that an order of a trial judge respecting amendments is ordinarily a matter of judicial discretion, but that his order will be reversed “if an abuse is shown.” We held in that case that a tendered amendment stated a cause of action, so that the trial judge erred in denying leave to amend. No such case was here made. The plaintiff did not tender a proposed amendment when it asked the trial judge for leave to amend, and it does not apprise this court in what respects it would amend its complaint if allowed to do so. Assuming that the complaint failed to state a cause of action, as held by the trial judge (a point which is not *150 decided since it is not contended on this appeal that the trial judge erred in so holding), we are unable to perceive how the deficiencies in the complaint, if any, could be cured by amendment. Under the circumstances, the question relating to the denial of leave to amend is also “so unsubstantial as not to need further argument.”
Accordingly, the motion to affirm the judgment appealed from is granted under Rule 38 of the Supreme Court Rules, and the judgment is
Affirmed.
DREW, C. J., and TERRELL, THOMAS, HOBSON and THORNAL, JJ., concur.