TERRELL, Justice.
Appellee Zimmerman secured a judgment in the proper forum against Appellant Cooksey for $3,000 to cover damages for personal and property injuries growing out of an automobile collision'in Broward County. There was a counterclaim by defendant which was denied. A motion for new trial was overruled and defendant appealed. Appellee has moved to affirm the judgment under Rule 38 of the Rules of this Court, 30 F.S.A.
A motion to affirm the order, judgment or decree sought to be reviewed is proper wherl it is apparent that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. The motion to affirm may be combined with the motion to quash authorized by Rule 37 of the Rules of this Court and must recite clearly the matter on which it is based.
The only point for determination is whether or not the motion under review conforms to this pattern.
We think this question requires an affirmative answer. The points- raised on the appeal had to do with negligence, contributory negligence and excessiveness of the verdict. These were jury questions. We have examined the record carefully and there is no showing whatever that the jury was not advised as to its verdict or that it abused its discretion in disposing of the questions before it. It is accordingly manifest that the points raised are unsubstantial, require no further argument and being so, it was appropriate that appellee invoke the provisions of Rule 38 to. affirm the judgment appealed from.
 The purpose of the motion to affirm the judgment is to provide a summary method for purging the docket of frivolous, unsubstantial or other appeals, that are short of merit. While the inquiry under Rule 38 is broader than it is under Rule 37, it contemplates only such an examination of the record and briefs as will disclose that the judgment appealed from is free from error. Joseph T. Miller Const. Co., Inc., v. Borak, Fla., 82 So.2d 147.
We think such an examination of the record in this case reveals that the motion to affirm was appropriate and is therefore granted.
It is so ordered.
DREW, C. J., and ROBERTS and THOMAS, JJ., concur.