THORNAL, Justice.
By petition for writ of certiorari the petitioners Powell, who were defendants in the lower court, seek review of an order of the Chancellor referring the cause to an examiner for the talcing of testimony over the objections of petitioners.
The point to be determined is whether a Chancellor may refer an entire case to a special examiner for the taking of testimony in the face of an objection by one of the parties.
Respondents Weger and Berger instituted proceedings against the petitioners Powell for the foreclosure of a mortgage. The Powells answered and counterclaimed asserting the defense of usury. After filing their reply to the counterclaim, the respondents, Weger and Berger, filed a motion asking the Chancellor either to hear the case himself or refer the matter to an examiner for the taking of testimony. Petitioners Powell objected to the reference of the cause to an examiner contending that in view of the nature of their defense it was important that the Chancellor himself hear the witnesses in order that he might have the benefit of observing their demean- or and other reactions from the witness stand.
The Chancellor disregarded the objections of the petitioners and referred the entire case, together with six others involving similar facts, to an examiner for the taking of testimony. The Judge gave as his reason for doing so the fact that his calendar was congested and that the order of reference would result in an expeditious disposition of the case. Review of this order is now sought.
The petitioners contend that there is no authority in our rules for the appointment of an examiner and that, even if there were, one should not be appointed to hear an entire case in the face of objection of one of the parties.
The respondents contend that our rules specifically authorize the appointment of an examiner in a chancery case and that there is no restriction short of abuse of discretion that would preclude a Chancellor from making such a reference.
*619 We must agree with the respondents that our rules do authorize the reference of a chancery case to an examiner for the taking of testimony. See 31 F.S.A. Rule 3.12, Florida Rules of Civil Procedure. An examination of our decisions, however, impels us to the conclusion that such a reference of an entire case should not he made in the face of an objection by one of the parties who elects to have the privilege of presenting his cause to the Chancellor himself.
The differences between an examiner and a special master without authority to make findings are really minor. While the special master is usually, but not necessarily, a lawyer, the special examiner is customarily a court reporter or stenographic expert commissioned likewise to administer oaths. We think there is no fundamental reason to apply to examiners different rules than we have applied to special masters.
We have held that our Constitution vests exclusive original jurisdiction of equity cases in the Circuit Courts. We have also taken note of the proposition that there is no constitutional provision affirmatively authorizing the delegation of any of the court’s powers to a master. See Section 11, Article V, Florida Constitution, F.S.A.
In Slatcoff v. Dezen, Fla.1954, 74 So.2d 59, we recognized that when the parties agree, or in the absence of objection, an entire case may be referred to a master with authority to hear testimony and submit his findings and recommendations to the Chancellor. In the cited case it was also pointed out that under our rules (Rule 3.14, Florida Rules of Civil Procedure) the Chancellor has the authority, even in the face of an objection or want of agreement, to refer particular aspects of a pending case to a special master. We specifically announced, however, that an entire case could not be so referred in the face of an objection by a litigant or absent consent. The opinion in the cited case, concurred in by the entire Court, contains a lucid and comprehensive analysis of the historical and statutory background of the system of referring matters to masters in chancery.
The function of a special examiner was recognized in Randall v. Twitchell, 98 Fla. 559, 124 So. 21, and Grimsley v. Rosenberg, 94 Fla. 673, 114 So. 553.
The position of this Court with regard to the problem at hand is consistent with the rule of the Federal courts in construing Rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A. By the Federal rule it is expressly provided that reference to a master shall be the exception and not the rule. The Supreme Court of the United States has held that an unusually heavy docket or trial list that might produce delay in the hearing of a particular cause is not in and of itself adequate justification for referring the cause to a master. McCullough v. Cosgrave, 1940, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992.
The position which we here announce is further supported by the recognized weight of authority. 19 Am. Jur., Equity, Sec. 371, p. 255. The essence of the reason for this rule is that when a cause comes to this Court on appeal, the decree of the Chancellor is accorded a presumption of correctness. The appellate tribunal has no opportunity to view the witnesses, to observe their demeanor and conduct on the witness stand. The appearance and reaction of the witnesses, their vocal inflection and their general demeanor often substantially influence the degree of credibility accorded their testimony.
When a litigant elects to present his cause before the trial judge, he is merely asserting a privilege assured to him by the organic law. He should not be deprived of this privilege without his expressed or implied consent.
Nothing herein is to be construed as precluding the Chancellor from referring a case to a special master or examiner for the performance of a “particular service” *620 if such is necessary to aid the Court in an expeditious disposition of the cause. We merely here hold in consonance with the rule recognized everywhere that the hearing of an entire case should not be referred to an examiner in the absence of the consent or acquiescence of the litigants.
We fully realize that in some sections of Florida, including the Circuit here involved the trial dockets are often unusually congested due to a tremendous volume of litigation. We also realize that such congestion taxes the capacity of the most devoted judges, such as admittedly are here involved. Nonetheless, we are not privileged to sacrifice the rights of a litigant in the interest of expediency.
The prayer of the petition is granted, the order appealed from is quashed and the cause is remanded for further proceedings consistent herewith.
TERRELL, C. J., THOMAS, J., and PARKS, Associate Justice, concur.