R. D. WALKER AND BERTIE WALKER, HIS WIFE, *Appellants*, v. AMERICAN AGRICULTURAL CHEMICAL COMPANY, A CORPORATION, *Appellee*.

Opinion Filed May 22, 1922.

An alleged offer of a mortgagee to accept a less sum than the mortgage indebtedness in full payment of the obligation, where it appears that the mortgage is a second mortgage

upon the property, and an agreement to pay such sum with tender of the amount in acceptance of such offer, may be such a benefit to the mortgagee and detriment to the mortgagor as to constitute a valid consideration for the agreement, and an averment of such agreement in an answer to a bill of foreclosure of such second mortgage cannot be said to be so irrelevant as to have no influence upon the final decision of the cause and is not, therefore, impertinent and subject to be stricken upon motion from the answer.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*Gibson & Riherd,* for Appellants;

*John W. Bull,* for Appellee.

WEST, J.—This case was formerly before this court upon a motion to quash the appeal upon the ground that it was frivolous and was taken against good faith and for the purpose of delay. Walker v. American Agricultural Chemical Co., 83 Fla. 153, 90 South. Rep. 696. A statement of the case sufficient for the purpose of this appeal is contained in the opinion of the court. It has now been reached for consideration upon the merits. The appeal is from an order striking, upon motion of complainant, one paragraph of the amended answer of defendant mortgagors. In the opinion filed when the case was under consideration upon the motion it was held in effect, in conformity to the well established rule, that it could not be said that the matter contained in the paragraph of the answer sought to be stricken would have no influence upon the final decision as to the subject-matter of

the controversy, the particular relief sought, or as to costs in the case.

It is now urged that there was no consideration for the alleged agreement of complainant to accept a less sum than the mortgage indebtedness in full payment and satisfaction of complainant mortgagee's claim. It appears, however, from the mortgage sought to be foreclosed that it is a second mortgage upon the property and it cannot be said, upon a motion to strike the paragraph of the answer averring this agreement, that there was no consideration for it, since it may develop upon final hearing that the amount agreed to be paid by defendants in settlement of the claim was more than could have been realized upon a foreclosure of the mortgage, in which event complainant would have derived a benefit and defendants would have suffered detriment if the agreement had been performed by complainant. Henderson v. Kendrick, 82 Fla. 110, 89 South. Rep. 635. Nothing contained in the former opinion was intended to or does militate against the established doctrine that an attorney has no power without express authority to bind his client by compromise of a pending suit.

Nothing more need be said upon the point involved at this stage of the proceeding.

The order appealed from is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.