It seems that the petition for rehearing should be granted and the decision of the court modified so as to grant the petition for certiorari to quash the order denying the motion of petitioners, below, to strike paragraphs 4, 5, 6, and 7 of the answer, but to deny the same in respect to paragraph 8.
Stated succinctly, paragraph 8 of the answer admits the allegations of paragraph 8 of the bill to the effect that by the lease contract one-third of the net profit for each month is to be paid the lessor in addition to the $50 per month fixed minimum rental, but seeks to avoid the effect of this provision of the lease by showing that the lease, or this provision of it, was superseded by an oral agreement whereby the lessor and lessee agreed that it should not take effect until such time as the total receipts equaled the total expenditures for the entire period of operations. In other words, the lessee was to be permitted to offset the profit in any single month by the prior accumulated deficit or net loss until the latter was wiped out. Continuing, paragraph 8 states that the parties orally agreed that when certain specified permanent improvements were erected on the premises, the cost would be deductible as expenses of the business of the lessee. It was further agreed that defendant lessee would undertake to increase the capacity of the trailer park from the then capacity of twenty trailers to some seventy-five trailers, the cost of this improvement likewise being deductible as an expense of the business.
Under the written lease defendant lessee was under no obligation to erect improvements on the land, but if he did so it was to be at his own personal expense. However, such improvements were to remain his property and be subject to removal at the expiration of the lease. By the oral agreement the specified permanent improvements agreed to be erected by lessee were to become and remain the property of the lessor.
Ostensibly the provision permitting lessee to deduct the cost of these improvements as an expense of the business and providing that lessor's share of the net profits should not commence until the accumulated deficit was wiped out were concessions to lessee to induce him to make the improvements. Since lessee would thereby assume two-thirds of the cost of the improvements which would accrue to the benefit of the lessor upon termination of the lease and, considering the short term of the lease, this could reasonably have been a consideration for waiving the strict compliance with the net profit provision of the written lease.
Paragraph 8 further asserts that the operational statements, i.e., the income and expense statements, required to be rendered the lessor each month, were drafted on the basis of the oral agreement and were accepted by the lessor without dissent for a period covering over a year's time. Copies of these statements were made part of the answer, and they show that costs incurred in erecting improvements were deducted as expenses of the business, thereby reducing the net profit. Inasmuch as these costs were not so deductible as expenses under the written lease, these statements, together with the above allegation in the answer, are sufficient, as averments, that the oral agreement was adopted by both parties and put into effect for the period from March, 1946, to the lessor's death.
By way of recapitulation and summarization, the state of the pleadings is: Plaintiffs recite the written lease and allege noncompliance, but the defendant-lessee, by way of avoidance, alleges a subsequent oral agreement of departure from the terms of the lease, by the performance of which agreement he shows by his answer to have created a new pecuniary detriment to himself and a commensurate benefit to lessor, and further, that the oral agreement had for numerous months been acted upon by both parties, pursuant to which lessee has invested some $6000 in improvements upon the premises of the lessor.
We have held that a contract under seal may be modified by a subsequent oral agreement where both parties have acted upon the oral agreement, i.e., have entered into a performance of it, so that it is not merely executory. The answer seeks to allege facts constituting a defense on this *Page 168 
ground. The motion to strike admits the truth of these facts for the purpose of ruling on the motion. It is apparent that this part of the answer is responsive to the bill and germane to the equities alleged therein. The motion to strike was, therefore, properly denied as to paragraph 8. The decision in Walker et ux. v. American Agricultural Chemical Co., 83 Fla. 669, 92 So. 287, is squarely in point and, it is submitted, should control this case.
A rehearing should be granted as to paragraph 8.